UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE,<br><br>             Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE and FEDERAL BUREAU OF PRISONS,<br><br>             Defendants. | Case No. 16-cv-948-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff William A. White's motion (Doc. 8) to stay collection of the initial partial filing fee and subsequent fee assessments ordered by the Court on October 11, 2016 (Doc. 7). White argues that the provision in the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), the law under which White brings this action, places the burden on the United States to pay the filing fees, but the Prison Litigation Reform Act ("PLRA") requires the plaintiff to pay the filing fee as a means to discourage prisoner lawsuits. He asks the Court to resolve this apparent conflict and order that collection of his filing fee be stayed.

FOIA provides that Court *may* assess costs against the United States *if* the complainant under the act *substantially prevails* in the action. *See* 5 U.S.C. § 552(a)(4)(E). He may substantially prevail either by a judicial order, an enforceable written agreement, a consent decree or a voluntary or unilateral change in the agency's position if the complainant's claim is not insubstantial. *Id.* This provision is normally invoked at the end of litigation once it becomes apparent whether a claimant has substantially prevailed.

This provision is not in conflict with the PLRA, which requires collection of an initial

partial filing fee, plus installments thereafter until the full fee is collected, from an indigent prisoner who brings a lawsuit. *See* 28 U.S.C. § 1915(b). Read together, the statutes require an indigent prisoner who files a FOIA lawsuit to pay the full filing fee in installments from the commencement of the action and require the United States to reimburse the plaintiff at the conclusion of the action if the plaintiff substantially prevails.

The provision of FOIA cited by White does not relieve a FOIA plaintiff of his obligation under 28 U.S.C. § 1914(a) to pay his filing fee in advance unless authorized to proceed without prepayment or to proceed making partial payments under 28 U.S.C. § 1915, *see* Local Rule 3.1. The Court has ordered that White may proceed under 28 U.S.C. § 1915(b) without full prepayment of fees by paying an initial partial filing fee of $163.53, with monthly payments thereafter (Doc. 7). White has not provided any good reason for altering that order. The Court therefore **DENIES** White's motion (Doc. 8).

The Court further **ORDERS** White to pay his initial partial filing fee within 60 days of this order or demonstrate that he has no assets and no means by which to pay the initial partial filing fee. If White fails to pay or make such a showing, the Court may dismiss this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:   November 3, 2016**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**