# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE,<br><br>   Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, FEDERAL BUREAU OF PRISONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>   Defendants. | Case No. 16-cv-948-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff William A. White's motion under Federal Rule of Civil Procedure 12(f)(2) to strike the second and third affirmative defenses asserted by the defendant Department of Justice ("DOJ") on behalf of its agencies named in this case (Doc. 41). The DOJ has responded to the motion (Doc. 44), and White has replied to that response (Doc. 45).

White brings this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, asserting that Federal Bureau of Investigation, the United States Marshals Service, the Federal Bureau of Prisons, and the Bureau of Alcohol, Tobacco, Firearms and Explosives have failed to comply with the act in a various ways. In its answer, the DOJ asserts as its second affirmative defense that White has failed to state a claim and as its third affirmative defense that the Court lacks subject matter jurisdiction because the DOJ's agencies have not withheld information under FOIA.

White asks the Court to strike the DOJ's second and third affirmative defenses under Rule 12(f)(2) because they are insufficient. Specifically, he argues that the second affirmative defense is underdeveloped and the third affirmative defense states a defense on the merits rather than a jurisdictional defense. He also complains that the DOJ asserted these defenses in its answer without

first filing a motion asserting the defenses.

In response, the DOJ argues that whether a motion to dismiss under Rule 12(b)(6) precedes or follows an answer is irrelevant because a Rule 12(b)(6) motion filed after an answer is simply treated as a motion for judgment on the pleadings under Rule 12(c). It further explains how compliance with FOIA presents a legitimate jurisdictional defense that need not be raised in a motion.

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense. . . ." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Board of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

White has not shown that the affirmative defenses he seeks to strike are completely irrelevant to this case or have caused or will cause him to suffer any prejudice. To the extent he claims prejudice because he cannot respond to a vague affirmative defense, no pleading response is required. *See*

*Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) ("The Federal Rules do not permit a response to an answer that does not contain a counterclaim."). White may flesh out further details about the DOJ's defenses during discovery, and the Court will address their merits if they are raised by motion or at trial.

Nor has he shown that the DOJ's affirmative defenses are procedurally improper because the DOJ asserted them in its answer without first filing a motion to dismiss based on those defenses. Rule 12(b) provides that every defense "must be asserted in the responsive pleading if one is required." Certain defenses *may* be asserted by a motion to dismiss, and any such motion must be made before a responsive pleading. Fed. R. Civ. P. 12(b). However, even if a Rule 12(b)(6) motion is not filed until after a responsive pleading, it will be entertained, albeit as a motion for judgment on the pleadings under Rule 12(c) rather than as a motion to dismiss under Rule 12(b)(6). *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 (7th Cir. 2006). In other words, a defendant does not need to file a motion based on an affirmative defense in order to assert it properly in its pleading. In fact, Rule 12 states that failure to state a claim can be raised in *a pleading*, a motion to dismiss or at trial, Fed. R. Civ. P. 12(h)(2), and subject matter jurisdiction can be raised *at any time*, Fed. R. Civ. P. 12(h)(3). The DOJ's assertion of its affirmative defenses two and three were not procedurally improper.

For the foregoing reasons, the Court finds White has not carried his burden of demonstrating why the Court should strike the DOJ's second and third affirmative defenses. Accordingly, the Court **DENIES** his motion (Doc. 41).

**IT IS SO ORDERED.**
**DATED:   December 20, 2017**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**