UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, FEDERAL
BUREAU OF INVESTIGATION, UNITED
STATES MARSHALS SERVICE,
FEDERAL BUREAU OF PRISONS and
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

    Defendants.

Case No. 16-cv-948-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant Department of Justice's ("DOJ") motions for partial summary judgment on plaintiff William A. White's claims that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Federal Bureau of Prisons ("BOP") and the Federal Bureau of Investigations ("FBI") did not respond properly to some of his requests for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (Docs. 38 & 50). White has responded to the respective motions (Docs. 43 & 54). The DOJ has replied to one of White's responses (Docs. 48), and White has replied to that reply (Doc. 52). The Court also considers White's motion for sanctions under Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927 based on the statements in the DOJ's first summary judgment motion (Doc. 46). The DOJ has responded to the motion (Doc. 49), and White has replied to that response, withdrawing some of the bases for his sanctions request (Doc. 53).

As a preliminary matter, White includes with his response to the DOJ's first summary judgment motion a request for summary judgment on the same claims and others. The Court

declines to consider White's response (Doc. 43) as a freestanding motion for summary judgment. Including more than one type of filing in a single document is not usually accepted by the Court because, as in this case, it is confusing. Additionally, construing a request in a responsive filing as a new motion threatens to open up briefing *ad infinitum* because each new request could commence a parade of sur-reply briefs disguised as regular responses. Here, the DOJ clearly did not view White's request for summary judgment as a separate motion, so it responded in a cursory fashion more akin to a reply brief without discussion or citation to evidence that would be appropriate in a response to a summary judgment motion. White's reply – really a sur-reply not permitted by the Court under Local Rule 7.1(c) – is equally devoid of material appropriate to summary judgment. For these reasons, the Court declines to consider White's response as a summary judgment motion and directs the Clerk of Court to terminate it (Doc. 43). The Court will allow White an additional brief period to file a motion for summary judgment on the merits to advance his arguments with respect to the claims involving the ATF and BOP.

The Court now turns to the substance of the summary judgment motions.

**I.     Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the

Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

## II.     FOIA Generally

White brings this lawsuit under FOIA, which the Seventh Circuit Court of Appeals recently described generally:

> "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold

> the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L.Ed.2d 159 (1978). Toward that end, FOIA provides that agencies "shall make ... records promptly available to any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules." 5 U.S.C. § 552(a)(3)(A). The Act is "broadly conceived," and its "basic policy" is in favor of disclosure. *Robbins Tire,* 437 U.S. at 220, 98 S. Ct. 2311. Agencies are, however, permitted to withhold records under nine statutory exemptions and three special exclusions for law-enforcement records. *See* 5 U.S.C. § 552(b)-(c).

*Rubman v. United States Citizenship & Immigration Servs.*, 800 F.3d 381, 386 (7th Cir. 2015).

White's challenges under FOIA fall into three categories:

- the agency "administratively defaulted" because it failed to respond to his requests at all, failed to respond within the time periods set forth in FOIA, or exceeded the permitted requests for clarification from the requesting party;

- the agency incorrectly denied having responsive records; and

- the agency improperly withheld responsive records pursuant to two statutory exemptions regarding invasion of personal privacy.

The DOJ's summary judgment arguments likewise fall into three categories:

- White failed to exhaust his administrative remedies;

- White failed to state a viable FOIA theory; and

- White has abandoned or conceded certain claims.

The Court will discuss each category of arguments and its application to the facts in turn. With respect to the facts set forth below, because the Court considers only the DOJ's summary judgment motions in this order, it has viewed the evidence and all reasonable inferenced that can be drawn therefrom in White's favor.

## III. Exhaustion of Administrative Remedies

Generally, before filing a lawsuit for violation of FOIA, a plaintiff must exhaust his administrative remedies. *See Hoeller v. Social Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016); *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Once he has

4

exhausted his administrative remedies, if he believes an agency has improperly withheld documents, he may file a federal lawsuit. *See* 5 U.S.C. § 552(a)(4)(B).

Whether a plaintiff has exhausted his remedies may be connected to the timing of the agency's response to his request for records. FOIA provides that when an agency receives a request, it shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request" and shall notify the requesting party of the reasons for the determination, the right to seek assistance from the agency, the right to appeal the decision to the head of the agency, and the right to seek dispute resolution services. 5 U.S.C. § 552(a)(6)(A). If the agency fails to comply with this time limit, the requesting party is deemed to have exhausted his administrative remedies and may proceed directly to court. 5 U.S.C. § 552(a)(6)(C)(i); *see Oglesby*, 920 F.2d at 61 (holding "5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when ten days [now extended to twenty days] have passed without a reply from the agency indicating that it is responding to his request"). However, if the agency cures its mistake by responding *before* the requesting party files a lawsuit, the obligation to *actually* exhaust administrative remedies by appealing to the agency head is revived. *Oglesby*, 920 F.2d at 63-64.

The DOJ argues that it is entitled to summary judgment on the following of White's claims because he failed to exhaust his administrative remedies as required by FOIA:[1]

- Request No. 2017-0187 to the ATF in a letter dated November 27, 2016 and received by the ATF on December 7, 2016. Am. Compl. Ex. D (Doc. 25-1 at 17-19; Doc. 38-1 at 4-8). In that letter, White requested disclosure under FOIA of records regarding himself; thirty-four groups, operations or organizations; and forty-eight individuals;

---

[1] The DOJ makes passing reference to Request No. 2016-07558 to the BOP in a letter dated August 7, 2016, in the section of its first summary judgment motion summarizing the claims asserted against the BOP. It suggests White has failed to exhaust his administrative remedies as to that request. However, the DOJ does not request summary judgment on the claim affiliated with that request in its motions, so the Court does not discuss it in this order.

5

- A request to the FBI containing thirty-two items in a letter dated December 1, 2016. Am. Compl. Ex. E(a)(i) (Doc. 25-1 at 20-21; Doc. 50-1 at 60-62). The request was broken down into subcomponents, which were assigned the following request numbers:

| Request No. | Subject |
|---|---|
| Freedom of Information Act/Privacy Act ("FOIPA") 1365354-000 | James Porrazzo, likely of Boston, Massachusetts; Joshua Caleb Sutter aka David Woods aka Tyler Moses aka Shree Shree Kaliki-Kaliki Mandir aka Stephen Brown aka Thugee Behram; Jilian Hoy aka comrade Morrison aka Jayalita Devi Dasi; John Paul Cupp; Jason Adam Tonis of Elizabeth, New Jersey; Kevin Walsh; Zaid Shakar al-Jishi; Emily Rotney: Chris Hayes; Kent McLellan; August Kreis III; Brett Stevens; David Lynch; FBI-JTTF Agent and New York City Police Detective Peter Zaleski |
| FOIPA 1365415-000 | Rural People's Party |
| FOIPA 1365422-000 | New Bihar Mandir Temple |
| FOIPA 1365431-000 | Manchuoko Temporary Government |
| FOIPA 1365410-000 | New Resistance |
| FOIPA 1365412-000 | Green Star |
| FOIPA 1365432-000 | US Juche Study Group |
| FOIPA 1365418-000 | US Songun Study Group |
| FOIPA 1365425-000 | United Juche Front of North America |
| FOIPA 1365426-000 | Swords of Songun |
| FOIPA 1365433-000 | Russian Defense League |
| NFP-65643 | Any person, or, entity in Lexington, SC, claiming affiliation with the government of North Korea; Any person, or, entity, in Lexington. SC, claiming affiliation with al-Qaeda or, any related group; Any person. or, entity. in Boston, MA, New York. or, Lexington, SC, claiming affiliation with Alexander Dugin, The Donetsk People's Republic, or, the Luhansk People's Republic; a sting operation run out of the Pahlevi Building in New York, NY, by informants claiming to be "the General", supposedly the Iranian Major General Khosrowdad (deceased 1979), the 'twin brother of the Shah of Iran', "Princess Ashraf of Iran", and, "Iranian terrorists."· Time frame is at least 2008 to present; FBI-JTTF infiltration of Korean language classes in the New York City Area. |

- FOIPA Request No. 1357558-000/001 to the FBI in a letter dated August 29, 2016. Am. Compl. Ex. E(a)(ii) (Doc. 25-1 at 22; Doc. 50-1 at 22-23). White's request for records regarding "Soul Survivors Motorcycle Club" (the fifth item listed in the August 29, 2016, letter) was assigned this request number.

None of the claims based on these requests were included in White's original complaint in this case, filed August 25, 2016. White attempted to add these claims in an Amended Complaint,

which he signed and placed into the prison mail system, along with a motion for leave to file the Amended Complaint, on January 16, 2017. The Court granted White's motion for leave to amend on July 14, 2017, and the Clerk of Court filed the Amended Complaint on July 17, 2017 (Doc. 25).

The DOJ believes White failed to exhaust his administrative remedies on each of these claims. It is undisputed that the respective agencies responded to each request, albeit late, before the Amended Complaint was filed on July 17, 2017, and that White did not administratively appeal those responses before the Amended Complaint was filed. The DOJ believes that, under *Oglesby*, since it cured its failure to respond before White's Amended Complaint was filed, White was obligated to *actually* exhaust his administrative remedies before filing suit.

White concedes he did not actually exhaust his administrative remedies following the agencies' responses. Instead, he argues he constructively exhausted his administrative remedies when the agencies did not respond to him within the twenty-day response period. At that point, he attempted to amend his complaint before the agencies actually responded. He believes the Court should deem the Amended Complaint to have been filed on January 16, 2017, when he tendered it to the Court along with a motion for leave to file it. In his view, the Amended Complaint was filed in the window noted by *Oglesby* between when an agency fails to comply with FOIA's time limit and when it actually complies. In this window, he argues, he has constructively exhausted his administrative remedies and may file suit.

The DOJ has not convinced the Court that White failed to exhaust his administrative remedies on these claims. When the agencies failed to comply with the twenty-day response deadline, White drafted the Amended Complaint, signed it, placed it into the prison mail system on January 16, 2017, along with a motion for leave to file it. Although the Court did not allow him to file the Amended Complaint until July 2017, after the agencies responded to his requests, the Court

deems his Amended Complaint filed the day he tendered it to the Court, not the date the Court allowed it to be filed. *See Moore v. State of Ind.,* 999 F.2d 1125, 1131 (7th Cir. 1993) (holding that because a party has no control over when court decides whether to allow amendment, amended pleading is deemed filed when properly filed motion for leave to amend is filed and proposed amendment is tendered to the court); *Williams v. American Equip. & Fabricating Corp.*, No. 09-1168, 2012 WL 13005304, at *12 (C.D. Ill. Mar. 19, 2012) (noting "a general rule in both federal and state court that a complaint is deemed filed as of the time it is submitted to a court together with a request for leave to file the amended pleading"); *compare Schillinger v. Union Pac. R. Co.*, 425 F.3d 330, 335 (7th Cir. 2005) (finding unclear whether Illinois's rule that amended pleading deemed filed when tendered, if allowed to be filed, applies to federal claims). Further, under the mailbox rule, White is considered to have "filed" a document when he turns it over to a prison official to be sent to the Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The combination of these rules leads to the conclusion that White's Amended Complaint should be deemed filed on January 16, 2017, the day he placed his motion for leave to amend his complaint, along with his proposed Amended Complaint, in the prison mail system to be sent to the Court. *Oglesby*'s rule does not require actual exhaustion where White filed his claims before the agencies responded. It would have required actual exhaustion only if the agency had responded *before* White filed suit on his claims. However, because White tendered his Amended Complaint before any agency response, *Oglesby*'s rule does not apply.

Because the DOJ has not carried its burden of showing it is entitled to judgment as a matter of law, it is not entitled to summary judgment because of White's failure to *actually* exhaust his administrative remedies on the aforementioned requests.

**IV. Viable FOIA Theory**

The DOJ argues that it is entitled to summary judgment on the following claim because White failed to allege conduct that violates FOIA:

- Request No. 2013-11705 to the BOP in a letter dated August 3, 2013, and received by the BOP on August 19, 2013 (Doc. 38-2 at 6). In that letter, White requested disclosure of records in its possession regarding his imprisonment in the BOP from October 17, 2008, to April 20, 2011, and from June 8, 2012, to the present. He also proposed four categories within that broad request for the agency to prioritize if there were an excessive number of records.

The BOP responded to this request in a letter dated January 13, 2014 (Doc. 38-2 at 10). With the letter, the BOP released twenty-six pages of material responsive to White's request, fourteen of which had redactions that the BOP claimed were justified by statutory exemptions involving third-party privacy. It did not indicate it was withholding any documents in their entirety. White administratively appealed this decision. In the appeal, he challenged the redactions and complained that the set of documents produced was incomplete because it did not include SENTRY (an inmate management system) records, special housing unit ("SHU") logs, internal communications, and maintenance records. The BOP's decision was affirmed on appeal, finding that the redactions were justified and that the BOP had conducted an adequate, reasonable search for relevant records.

The DOJ asks the Court for summary judgment on this claim "because [White] was provided with a response but fails to challenge the adequacy of the search or the validity of the claimed exemptions." Def.'s Mot. Summ. J. 8 (Doc. 38 at 8). The foregoing quoted material is the sum total of the DOJ's argument in favor of summary judgment on this claim, which could be rejected summarily for failure of adequate support. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "underdeveloped, conclusory, or unsupported by law" are waived). Nevertheless, the Court looks at the substance of the position.

White responds that the BOP's response was clearly inadequate because it only contained twenty-six pages and did not account for other responsive pages it failed to produce. White contends his prison file is larger than twenty-six pages and includes unproduced documents such as, for example, documents that were attached in an exhibit to the DOJ's summary judgment motion. He objects to the DOJ's contentions in its motion that the failure to identify other responsive documents was justified because two specific sub-parts of White's request did not reasonably describe the documents he sought or fell within the exemption for private third-party information, justifications not offered to White at the time of the BOP's response. He believes the agency has waived these positions by failing to assert them in the administrative process. He also faults the BOP for failing to inform him what additional information was needed in his request that did not satisfy the "reasonably describes" requirement.

To establish a cause of action under FOIA, a plaintiff must show "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Agency records may be found to be improperly withheld if the agency failed to conduct a search "reasonably calculated to uncover all relevant documents." *Stimac v. United States Dep't of Justice*, 991 F.2d 800, 1993 WL 127980, at *1 (7th Cir. 1993) (Table). Importantly, however, "[t]he issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *Matter of Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992). Records may also be found to be improperly withheld if the agency misapplies a statutory exemption. *See, generally, Solar Sources, Inc. v. United States*, 142 F.3d 1033 (7th Cir. 1998) (reviewing the application of certain exemptions).

Construing the Amended Complaint liberally in White's favor, as is appropriate where a

litigant is proceeding *pro se*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998), the Court believes White has, albeit obliquely, articulated a challenge to the adequacy of the search performed by the BOP.  He asserts that his FOIA challenges include "exhausted requests where the agency denies having any responsive records, but, public sources show that the agency must have some responsive records."  Am. Compl. (Doc. 25 at 9).  This can be construed as an assertion that the BOP's search was unreasonable because it did not locate other responsive documents about which White is aware and which were known by the agency and available to it.  Since the DOJ makes no argument in its motion that the BOP's search was reasonable, the Court has no occasion to consider that question.

Similarly, White alleged in the Amended Complaint that his FOIA challenges include "subjects of request being withheld pursuant to [third-party privacy exemptions]" where exceptions to the exemptions apply.  Am. Compl. (Doc. 25 at 10).  This can be construed as an argument that the BOP improperly applied statutory third-party privacy exemptions to justify redacting information from the produced documents.  Since the DOJ makes no argument in its motion that the BOP properly observed the exemptions, the Court has no occasion to consider that question.

Because the DOJ has not demonstrated it is entitled to judgment as a matter of law on White's claim that the BOP violated FOIA in responding Request No. 2013-11705, the Court will deny this part of its motion for summary judgment.

## V.     Abandoned/Conceded

The DOJ argues that it is entitled to summary judgment on the following claim because White has either abandoned or conceded his claims:

- Request No. 2017-01269 to the BOP in a letter dated November 20, 2016, and received on November 28, 2016.  Am. Compl. Ex. B(b)(i) (Doc. 25-1 at 10; Doc 38-2 at 41).  In that

letter, White requested disclosure of the visitor/entry logs for the eleventh floor SHU at the Metropolitan Correctional Center from January 1, 2011, to April 20, 2011; and

- FOIPA Request No. 1362476-000 to the FBI in a letter dated November 20, 2016. Am. Compl. Ex. E(a)(v) (Doc. 25-1 at 25; Doc. 50-1 at 50-51). In that letter, White requested disclosure of records regarding the Seminole County, Florida, Sheriff's Office and its work with the FBI (¶ 3 of the November 20, 2016, letter).

The respective agencies eventually responded to White's satisfaction to each of these requests, and White had indicated a desire not to pursue his claims based on these requests any more. With respect to the BOP request, White asks the Court in his summary judgment response to dismiss the associated claim. With respect to the FBI request, White has asked the Court in a separate motion to voluntarily dismiss the associated claim. Because White has not objected to the DOJ's request for summary judgment on these claims, the Court construes White's failure to contest the DOJ's summary judgment motion on these claims as an admission of the merits of the motion. *See* Local Rule 7.1(c). Indeed, the motion appears to have merit in light of the fact that White has affirmatively expressed a desire not to pursue these claims further. Accordingly, the Court will grant the DOJ's summary judgment motion in this regard.

## VI. Motion for Sanctions

White asks the Court to sanction the DOJ, the ATF, the BOP and their counsel for statements and positions taken in the DOJ's motion for summary judgment (Doc. 46). He has withdrawn several bases for his request, leaving only the following representations or positions:

- that some of White's FOIA requests did not reasonably describe the documents he requested and that withholding documents on that basis was justified;

- defending a statement by the ATF about what records it has in its possession; and

- that White did not appeal the DOJ's decision on his 2017 requests to the BOP.

The DOJ maintains its statement and positions are not sanctionable and instead amount simply to disagreements with White about the law and its application to the facts of this case.

Sanctions may be available under Federal Rule of Civil Procedure 11(c) or 28 U.S.C. § 1927. Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record," Fed. R. Civ. P. 11(a), and that such a signature is a certification that the filing is not frivolous and is not presented for an improper purpose, Fed. R. Civ. P. 11(b). The Court may sanction an attorney or a party that is responsible for a filing that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1). Under § 1927, an attorney who unreasonably and vexatiously multiplies proceedings can be personally liable for the excess costs and fees incurred because of the conduct. *See IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 653 (7th Cir. 2001).

The Court has considered the statements and positions taken in the DOJ's motion and finds that, although not all the legal positions presented in the motion have merit, they are not frivolous and have not been presented for an improper purpose. Instead, they have been presented as arguably legitimate defenses to White's claims and rely on appropriate caselaw to support them. Additionally, factual statements White claims the DOJ has wrongfully endorsed are subject to interpretation that could render them accurate or presenting a genuine issue of fact. In these circumstances, the Court finds that the DOJ has not presented anything to unreasonably or vexatiously multiply the proceedings. In sum, none of the DOJ's statements or positions warrants sanctions under either Rule 11(c) or § 1927.

## VI. Conclusion

For the foregoing reasons, the Court:

- **DIRECTS** the Clerk of Court to terminate White's request for summary judgment in his summary judgment response brief (Doc. 43);

- **ORDERS** that White shall have up to and including February 23, 2018, to file a new motion for summary judgment on the merits to advance his arguments with respect to the remaining claims involving the ATF and BOP;

13

- **GRANTS in part** and **DENIES in part** the DOJ's motions for partial summary judgment (Docs. 38 & 50). The motions are **GRANTED** to the extent they seek summary judgment on the following claims:

    o Request No. 2017-01269 to the BOP in a letter dated November 20, 2016, and received on November 28, 2016. Am. Compl. Ex. B(b)(i) (Doc. 25-1 at 10; Doc 38-2 at 41); and

    o FOIPA Request No. 1362476-000 to the FBI in ¶ 3 of a letter dated November 20, 2016, seeking records regarding the Seminole County, Florida, Sheriff's Office and its work with the FBI. Am. Compl. Ex. E(a)(v) (Doc. 25-1 at 25; Doc. 50-1 at 50-51).

    The motions for partial summary judgment are **DENIED** in all other respects.

- **DENIES** White's motion for sanctions (Doc. 46); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   January 19, 2018**

          s/ J. Phil Gilbert
          **J. PHIL GILBERT**
          **DISTRICT JUDGE**