<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit A

```
 NCRAW           *        PUBLIC INFORMATION        *      05-21-2018
PAGE 001         *              INMATE DATA          *      13:49:42
                              AS OF 05-21-2018


REGNO..: 13888-084 NAME: WHITE, WILLIAM A

                       RESP OF: MAR
                       PHONE..: 618-964-1441    FAX: 618-964-2058
                                                RACE/SEX...: WHITE / MALE
                                                AGE:  40
PROJ REL MT: GOOD CONDUCT TIME RELEASE          PAR ELIG DT: N/A
PROJ REL DT: 09-22-2037                         PAR HEAR DT:
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
NCRAW            *        PUBLIC INFORMATION        *      05-21-2018
PAGE 002          *            INMATE DATA           *      13:49:42
                         AS OF 05-21-2018


REGNO..: 13888-084 NAME: WHITE, WILLIAM A


                    RESP OF: MAR
                    PHONE..: 618-964-1441    FAX: 618-964-2058
HOME DETENTION ELIGIBILITY DATE: 03-22-2037


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-22-2037 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: VIRGINIA, WESTERN DISTRICT
DOCKET NUMBER...................: DVAW708CR000054-001
JUDGE...........................: TURK
DATE SENTENCED/PROBATION IMPOSED: 04-14-2010
DATE SUPERVISION REVOKED........: 09-12-2012
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 11-09-2012
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $300.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  121
OFF/CHG: 18:875(C) INTERSTATE COMMUNICATION OF A THREAT TO INJURE(2 CTS
         18:1512(B)(1) TAMPERING WITH A WITNESS; (SRT VIOL)

  SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
  SENTENCE IMPOSED/TIME TO SERVE.:   10 MONTHS
  DATE OF OFFENSE................: 03-22-2007

---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: ILLINOIS, NORTHERN DISTRICT
DOCKET NUMBER...................: 08-CR-851
JUDGE...........................: ADELMAN
DATE SENTENCED/PROBATION IMPOSED: 02-20-2013
DATE COMMITTED..................: 05-03-2013
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO




G0002      MORE PAGES TO FOLLOW . . .
```

```
     NCRAW           *        PUBLIC INFORMATION        *      05-21-2018
     PAGE 003        *           INMATE DATA            *      13:49:42
                             AS OF 05-21-2018


REGNO..: 13888-084 NAME: WHITE, WILLIAM A

                    RESP OF: MAR
                    PHONE..: 618-964-1441   FAX: 618-964-2058
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00         $00.00        $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  580
OFF/CHG: 18:373, 1503 SOLICITATION TO COMMIT CRIME OF
         VIOLENCE/INFLUENCING JUROR, CT-1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   42 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/C TO 08-CR-54
 DATE OF OFFENSE................: 10-11-2008

---------------------CURRENT JUDGMENT/WARRANT NO: 040 -----------------------

COURT OF JURISDICTION..........: VIRGINIA, WESTERN DISTRICT
DOCKET NUMBER..................: DVAW713CR000013-001
JUDGE..........................: TURK
DATE SENTENCED/PROBATION IMPOSED: 05-01-2014
DATE COMMITTED.................: 01-09-2015
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $400.00        $00.00         $00.00        $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00




G0002       MORE PAGES TO FOLLOW . . .
```

```
NCRAW           *        PUBLIC INFORMATION        *      05-21-2018
PAGE 004        *            INMATE DATA           *      13:49:42
                         AS OF 05-21-2018


REGNO..: 13888-084 NAME: WHITE, WILLIAM A

                     RESP OF: MAR
                     PHONE..: 618-964-1441   FAX: 618-964-2058
-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 121
OFF/CHG: 18:875(B) EXTORTION BY INTERSTATE COMMUNICATION, CT- 1, 3, & 4
         18:875(C) THREAT BY INTERSTATE COMMUNICATION, CT-2

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   92 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/S
 DATE OF OFFENSE................: 05-27-2012

----------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------

COURT OF JURISDICTION..........: FLORIDA, MIDDLE DISTRICT
DOCKET NUMBER..................: 6:13-CR-304-ORL-28GL
JUDGE..........................: ANTOON
DATE SENTENCED/PROBATION IMPOSED: 11-21-2014
DATE COMMITTED.................: 01-09-2015
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $500.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 899
OFF/CHG: 18:875(B) & 2 EXTORTION BY INTERSTATE COMMUNICATION CT 1
         18:875(B) & 2 EXTORTION BY INTERSTATE COMMUNICATION CT 2 - 5

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  210 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/S
 DATE OF OFFENSE................: 05-19-2012




 G0002      MORE PAGES TO FOLLOW . . .
```

```
    NCRAW          *        PUBLIC INFORMATION        *      05-21-2018
  PAGE 005          *          INMATE DATA            *      13:49:42
                        AS OF 05-21-2018


  REGNO..: 13888-084 NAME: WHITE, WILLIAM A


                      RESP OF: MAR
                      PHONE..: 618-964-1441   FAX: 618-964-2058


  ------------------------CURRENT COMPUTATION NO: 020 ------------------------


  COMPUTATION 020 WAS LAST UPDATED ON 04-12-2018 AT DSC AUTOMATICALLY
  COMPUTATION CERTIFIED ON 04-12-2018 BY DESIG/SENTENCE COMPUTATION CTR

  THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
  CURRENT COMPUTATION 020: 020 010, 030 010, 040 010, 050 010


  DATE COMPUTATION BEGAN..........: 09-12-2012
  AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
  TOTAL TERM IN EFFECT............: 349 MONTHS     8 DAYS
  TOTAL TERM IN EFFECT CONVERTED..:  29 YEARS    1 MONTHS      8 DAYS
  AGGREGATED TERM OF SUPERVISION..:   3 YEARS
  EARLIEST DATE OF OFFENSE........: 03-22-2007


  JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                       03-17-2011    04-21-2011
                                       06-08-2012    09-11-2012


  TOTAL PRIOR CREDIT TIME.........: 132
  TOTAL INOPERATIVE TIME..........: 0
  TOTAL GCT EARNED AND PROJECTED..: 1356
  TOTAL GCT EARNED................: 309
  STATUTORY RELEASE DATE PROJECTED: 09-22-2037
  EXPIRATION FULL TERM DATE.......: 06-09-2041
  TIME SERVED.....................:   6 YEARS      19 DAYS
  PERCENTAGE OF FULL TERM SERVED..: 20.7


  G0002      MORE PAGES TO FOLLOW . . .
```

```
   NCRAW          *            PUBLIC INFORMATION        *       05-21-2018
PAGE 006 OF 006 *                  INMATE DATA           *       13:49:42
                               AS OF 05-21-2018


REGNO..: 13888-084 NAME: WHITE, WILLIAM A

                    RESP OF: MAR
                    PHONE..: 618-964-1441    FAX: 618-964-2058

PROJECTED SATISFACTION DATE.....: 09-22-2037
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
   G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit B

August 7, 2016

FOIA-PA Officer

North-Central Regional Office

Federal Bureau of Prisons

400 State Ave Suite 800

Kansas City, KS 66101



—

Re:  New FOIA Request William A White #13888-084

Dear FOIA-PA Officer:

My name is William A White #13888-084, SSN: 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, DOB 5/29/1977.  I hereby request the following records in your possession:

1) regarding me:

   a) all medical records;

   b) all psychological records;

   c) all requests for administrative remedy, and, tort claims;

   d) all disciplinary records;

   e) all SENTRY records;

   f) all Prison Security, and, Intelligence Record System [JUSTICE/BOP-001] records;

   g) all communications between Bureau of Prisons personnel, and, between Bureau of Prisons personnel, and, other law enforcement agencies, any US Attorney's Office, or, any agency of the Attorney General, including the US Department of Justice Civil Rights Division;

2) All maintenance records related to the 11th floor Special Housing Unit of the Metropolitan Correctional Center Chicago between October 17, 2008, and, December 29, 2008,

-1-

particularly, but, not limited to, records related to heating problems, insect infestations, and, the flooding of cells with human fecal material.

3) The green SHU log books from the Metropolitan Correctional Center's 11th floor for the period October 17, 2008, to December 29, 2008.

All fees related to this request are accepted.

Sincerely,

William A White #13888-084
USP - Marion
PO Box 1000
Marion, IL 62959

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit C



U.S. Department of Justice

Federal Bureau of Prisons

*North Central Regional Office*

*Received*
*SEP 1 5 2016*
*FOI/PA Section*
*Federal Bureau of Prisons*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

August 15, 2016

William White, Reg. No. 13888-084
USP Marion
P.O. Box 1000
Marion, IL 62959

Re: Request for Records

Dear Requester:

We are in receipt of your correspondence received by the North Central Regional Office on July 27, 2016, for response. You seek copies of records maintained by the Bureau of Prisons (Bureau).

In accordance with 28 Code of Federal Regulations (C.F.R.), Part 16.3 or 16.41, a request for information directed to the Federal Bureau of Prisons is not deemed properly filed until it is received by the component at the address specified in Appendix I, Title 28 C.F.R., which is noted above. Additionally, once the request for records is received, a review of the request is conducted by the Central Office FOI/PA Section to determine whether the required elements of a request under the statute and regulations have been met. Required elements include an authorization to release information dated within three (3) months of the request; the authorization must include the individuals full name, date of birth, place of birth and current address; the subject's signature must be notarized; the name of the individual authorized to receive the information must be included on the authorization; and finally, the authorization must have an original signature.

Pursuant to Title 28, Code of Federal Regulations, Part 513.60, a request for Bureau records must be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street N.W., Washington, DC. 20534. The requester shall clearly mark on the face of the letter and the envelope **"FREEDOM OF INFORMATION REQUEST"** and shall clearly describe the records sought.

Sincerely,

*Erika Fienstermaker*
for

Richard W. Schott
Regional Counsel

<u>William A. White v. Department of Justice, et al.,</u> No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit D



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*                    *400 State Avenue*
                                                    *Tower II, Suite 800*
                                                    *Kansas City, KS 66101*

September 26, 2016

William White
Register Number 13888-084
USP Marion
PO Box 1000
Marion, Illinois 62959

Dear William White:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your request has been assigned a number and forwarded to the processing office noted below.  Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request.  You request a copy of all records including, medical, psychology, administrative remedy, tort claims, disciplinary records, SENTRY, intelligence; all maintenance records related to the 11th floor SHU in MCC Chicago from October 17, 2008 to December 29, 2008; and green SHU log books for the same time period.

FOIA/PA Request Number:        2016-07558
Processing Office:             NCR

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to complex track and placed in chronological order based on the date of receipt.

We determined exceptional circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review, and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the

ten additional days provided by the statute. Processing complex requests may take up to nine months. Pursuant to 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount.  At that time, you will have the option to reformulate your request to reduce the fees. If you requested a fee waiver, we will make a decision whether to grant your request after we determine whether fees will be assessed for this request.

If you have questions regarding the status of your request or anything discussed in this letter, you may contact the North Central Regional Office or the BOP FOIA Public Liaison, Mr. C. Darnell Stroble at (202) 616-7750 or BOP FOIA Section, 320 First Street, NW, Room 936, Washington, D.C. 20534.  You can also check the status of your request on line at http://www.bop.gov/PublicInfo/execute/foia.


Sincerely,

Richard W. Schott
Regional Counsel

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit E



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

February 9, 2018

William White
Reg. No. 13888-084
USP Marion
P.O. Box 1000
Marion, IL 62959

Re:  Information Request No.  2016-07558

Dear Requester:

This is in response to the above referenced information request.  Specifically, you request a copy of your medical records; psychology records; administrative remedy and tort claims; disciplinary records; Sentry records; SIS (intelligence record system) records; all communication between BOP personnel and other law enforcement agencies; all maintenance records related to the 11th floor SHU of MCC Chicago from October 17, 2008 to December 29, 2008; and the green SHU log books from MCC Chicago 11th floor from October 17, 2008 to December 29, 2008.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.05, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (544 pages) may be released to you in full and a

portion of the records (454pages) may be released to you in part. The remaining records (270 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(5) - concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege
(b)(6) - concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties
(b)(7)(C) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties
(b)(7)(E) - concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions
(b)(7)(F) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual

Regarding your request for all maintenance records related to the 11th floor SHU of MCC Chicago from October 17, 2008 to December 29, 2008, please be advised Bureau of Prisons staff thoroughly search for the records you requested using the terms and search parameters referenced in your request. However, we located no records responsive to your request.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769.

Sincerely,

E. Fenstermaker
for
Richard M. Winter
Regional Counsel

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit F



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*

*Tower II, Suite 800*

*Kansas City, KS 66101*

March 20, 2018

William White
Reg. No. 13888-084
USP Marion
P.O. Box 1000
Marion, IL 62959

Re: Information Request No. 2016-07558 (Supplemental Release)

Dear Requester:

This is a supplement to the response provide on February 9, 2018, for the above-referenced FOIA request. Specifically, you requested a copy of your medical records; psychology records; administrative remedies; tort claims; disciplinary records; Sentry records; SIS (intelligence record system) records; all communication between BOP personnel and other law enforcement agencies; all maintenance records and green SHU log books related to the 11th floor SHU of MCC Chicago from October 17, 2008 to December 29, 2008.

Upon further review, our office discovered the initial search for administrative remedies conducted on September 27, 2017, did not include remedies filed only at the institution level. Accordingly we are now supplementing our response to include those remedies. Similarly, the initial search for administrative tort claims did not appear to be complete. Accordingly, a new search for all administrative claims was conducted on February 28, 2018, which are included in this response.

For your convenience we are providing the entire release to FOIA #2016-07558, including the supplemental documents discussed above. All documents are bates stamped for reference purposes. Bates numbers 1277 through 1640 consists of the supplement to the original February 9, 2018 release of documents.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the

Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.05, Release of Information, and Program Statement 5800.11, Inmate Central File, Privacy Folder and Parole Commission File.

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (602 pages) may be released to you in full and a portion of the records (468 pages) may be released to you in part.  The remaining records (570 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(3) - concerns matters specifically exempted from release by statute
(b)(5) - concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege
(b)(6) - concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties
(b)(7)(C) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties
(b)(7)(E) - concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions
(b)(7)(F) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of the response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at (202) 741-5770; toll free at 1-877-684-6448; or

facsimile at (202) 741-5769.

Sincerely,

E. Fenstermaker
for

Richard M. Winter
Regional Counsel

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit G



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

_____

*Office of the Regional Counsel*

*400 State Avenue*

*Tower II, Suite 800*

*Kansas City, KS 66101*

June 6, 2018

William White
Reg. No. 13888-084
USP Marion
P.O. Box 1000
Marion, IL  62959

Re:  Information Request No.  2016-07558 (Supplemental Release)

Dear Requester:

This is a supplemental response to the responses provided on February 9, 2018 and March 20, 2018, for the above referenced FOIA request.  Specifically, you request a copy of your medical records, psychology records, administrative remedies, tort claims, disciplinary records, Sentry records, SIS (intelligence record system) records, all communication between BOP personnel and other law enforcement agencies, all maintenance records and green SHU log books related to the 11ᵗʰ floor SHU of MCC Chicago from October 17, 2008 to December 29, 2008.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.05, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

Upon further review of the March 20, 2018 response it was discovered that a portion of the

SHU Daily log books from December 15 through December 29, 2008 were missing from the production. These additional records have been reviewed in this office and it has been determined that a portion of the records (0 pages) may be released to you in full and a portion of the records (27 pages) may be released to you in part. The remaining records (0 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties
(b)(7)(C) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties
(b)(7)(E) - concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions
(b)(7)(F) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual

In addition, we have determined the taxpayer identification number on Bates page 1291 of the March 20, 2018 release belongs to you, therefore we are no longer asserting Exemption (B)(3) for this information on the enclosed page.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769.

Sincerely,

E. Fenstermaker
for

Richard M. Winter
Regional Counsel

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit H

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 1(a) | 435 | 51 pages withheld in part | Medical Records<br><br>Bates Pages 1-435 | (b)(7)F | Bates Pages 1, 6, 21, 30, 44, 50, 53, 65, 70, 74, 78, 95, 110, 135, 140, 152, 153, 158, 162, 168, 173, 194, 203, 217, 222, 225, 230, 233, 238, 243, 258, 280, 289, 302, 304, 306, 309, 311, 316, 321, 327, 337, 346, 361, 377, 398, 400, 409, 420, 424 and 431 were withheld in part pursuant to Exemption (b)(7)(F).<br><br>Exemption (b)(7)(F) was applied to withhold information regarding Inmate White's AIDS/HIV status. Certain medical conditions, including testing positive for HIV, result in inmates being targeted in the correctional environment. For instance, inmates may wrongly associate HIV status with certain sexual preferences and drug use or refuse to share a cell or engage in other activities with inmates who are HIV positive. These misconceptions may result in inmates being the subject of threats or assault. This information is withheld for all inmates, regardless of whether the information is negative or positive for HIV. |
| 1(b) | 32 | 6 pages withheld in part | Psychology Records<br><br>Bates Pages 436-467 | (b)(7)F | Bates Pages 436, 437, 438, 441, 443, 446 were withheld in part pursuant to Exemption (b)(7)(F).<br><br>Exemption (b)(7)(f) was used to withhold the title of a specific staff member, which indicates the staff member oversees a program that addresses a group of inmates that has been historically targeted for threats and/or assault. This information has been redacted on Bates pages 441, 443, and 446. While the staff member may have additional duties, the information has been withheld as it may subject inmate White to threats or assault by other inmates.<br><br>Exemption (b)(7)(f) was also used to withhold information regarding Inmate White's history of sexual offenses or predation |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | on Bates pages 436, 437, and 438.  This information is withheld for all inmates because, otherwise, inmates would be subject to threats or assault if they do not produce the records showing their history, or if the records show the inmate has a history of sexual assault or predation. |
| 1(c) – Part I | Original Release: 73<br><br>Supplemental Release: 12 | Original Release:<br><br>23 pages withheld in part; 2 pages withheld in full<br><br>Supplemental Release:<br><br>6 pages withheld in part | Administrative Remedies<br><br>Original Release: Bates pages 621-693<br><br>Supplemental Release: Bates pages 1629-1640 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | **Withheld in part:**<br>Bates pages 623, 636, 638, 645, 649, 651, 653, 656, 657, 660, 664, 677, 678, 681, 688, 1637, 1639 and 1640 were withheld in part, with only the names, signatures, BOP identifiers and/or initials of BOP staff being exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F).  This information was also withheld pursuant to these exemptions on Bates pages 624, 637, 1631, 1635 and 1636, along with the below noted exemptions.  Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>Classification assignments and Information used by the BOP for tracking and monitoring inmates was exempted from Bates pages 624, 625, 637, 663, 668, 671, 673, 690, 1629, 1630, 1631, 1635, and 1636 pursuant to Exemptions (b)(7)(E) and (b)(7)(F).  Disclosure of this information would reveal law enforcement techniques used for monitoring and tracking inmates which, if revealed, would allow inmates to avoid detection thereby endangering inmates, staff and the public.  Disclosure may also subject inmate White to threats or assault based on his specific classification assignments.<br><br>**Withheld in full:**<br>Bates page 675 was withheld pursuant to Exemptions (b)7)(E) & (b)(7)(F), while Bates page 692 was withheld pursuant to |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Exemption (b)(7)(F).  Both records consist of pages from a publication and are inappropriate for entry into the institution based on their content.   Page 675 provides information that law enforcement personnel have deemed relevant for classification and monitoring purposes.  Revealing this information would reveal the types of information that have been deemed relevant for monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity.  Both pages contain information that would indicate inmate White is affiliated with groups that may subject him to harassment, threats or assault by other inmates. Further, since these publication pages would be considered contraband in a correctional environment, permitting inmate White to obtain such materials through FOIA would jeopardize the safety and security of the institution. |
| 1(c) – Part II | Original Release: 153  Supplemental Release: 352 | Supplemental Release:  2 pages withheld in part  300 pages withheld in full | Administrative Tort Claims  Original February 2018 Release: Bates Pages 468-620  March 2018 Supplemental Release:  Bates Pages 1277-1628 | (b)(5); (b)(6); (b)(7)(C); (b)(7)(E); (b)(7)(F) | Since the Original February 2018 Release (Bates pages 468-620) are also included in the Supplemental Release (Bates pages 1277-1628), this *Vaughn* Index will address only the Supplemental Release Bates pages to avoid duplication.  **Withheld in part:** Bates page 1278 withheld the name of staff pursuant to Exemptions (b)(6), (b)(7)(C) & (b)(7)(F).  The staff member's name was included as the person who put inmate White "under investigation."  Disclosure of this information constitutes an unwarranted invasion into this individual's privacy and is likely to subject him to threats or assault by inmate White or his followers. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | A staff member's name and direct phone number was also exempted from Bates page 1290 pursuant to Exemptions (b)(6), (b)(7)(C) & (b)(7)(F).  Disclosure of this personal information is an invasion into this individual's privacy and may subject this individual to threats or assault.<br><br>**Withheld in full:**<br>All documents listed below in this section were withheld pursuant to Exemption (b)(5) as attorney-work product which would be privileged in context of civil discovery.  These documents were requested by BOP counsel in anticipation of litigation as filing an administrative claim with the relevant federal agency and having that claim denied in writing is a jurisdictional prerequisite to suit under the Federal Tort Claims Act.  Bates pages 1281-1282, 1323-1325, 1344-1346, 1375, 1377-1378, 1604-1605, and 1612-1614 were also withheld under the deliberative process privilege under Exemption (b)(5) because the communication is pre-decisional and deliberative in nature as it makes recommendations or expresses opinions on legal matters—specifically, recommendations regarding the determination of inmate White's administrative claims.<br><br>Exemption (b)(7)(F) was inadvertently omitted as an additional exemption to withhold personal privacy information within this category of documents.  Accordingly, for all information within this section withheld under Exemptions (b)(6) and (b)(7)C, the BOP is also asserting Exemption (b)(7)(F).<br>Non-medical records<br>Exemptions (b)(6) and (b)(7)(C) were applied—in addition to Exemption (b)(5)—to withhold the names of staff or third-parties for certain non-medical records as noted below, as well |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | as to withhold direct contact information on Bates pages 1288, 1314, 1327 and 1604.  Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy.  While Exemption (b)(7)(F) was inadvertently omitted in the production of documents to withhold the personal information of these third parties, disclosure of this information is also likely to subject these individuals to threats or assault. <br><br> Exemption (b)(7)(F) was applied, in addition to Exemption (b)(5), for Bates pages 1351-1352.  These pages contain information that would indicate inmate White is affiliated with groups that may subject him to harassment, threats or assault by other inmates.  Further, since these publication pages would be considered contraband in a correctional environment, permitting inmate White to obtain such materials through FOIA would jeopardize the safety and security of the institution. <br><br> <u>Medical records</u> <br> In addition to Exemption (b)(5), Exemption (b)(7)(F) was applied as indicated below to withhold information regarding inmate White's HIV status in certain medical records for the same reasons indicated in Group 1(a) *supra*.  In addition to Exemption (b)(5), Exemptions (b)(6) and (b)(7)(c) were applied to medical record, Bates page 1420, to redact the name of a third-party inmate.  The BOP is also applying Exemption (b)(7)(F) at this time because disclosure of this inmate who is identified as fighting inmate White would subject the inmate to threats, harassment or assault by inmate White or his supporters <br><br> Claim 2009-04854 (Bates Pages 1279-1291): <br> <u>Non-medical records:</u> |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | (b)(5):<br>1277: Administrative Claim Details<br>1283-1287: Commissary receipts provided as attachment to investigation<br><br>(b)(5), (b)(6) & (b)(7)(C):[1]<br>1279: July 15, 2009 Memorandum to Attorney Advisor from Regional Counsel seeking an investigation into claim and identifying criteria of investigation<br>1281: January 11, 2010 Memorandum from Warden to Attorney-Advisor addressing Warden's recommendation based on details of investigation<br>1282: August 12, 2009 Memorandum from Captain to Attorney Advisor outlining investigation into the claim<br>1288: Memorandum from Attorney-Advisor to Captain requesting an investigation and describing the requested content of the investigation<br><br>Claim 2016-02696 (Bates Pages 1292-1307):<br>Non-medical records:<br>(b)(5):<br>1292: Administrative Claim Details<br>1304: September 29, 2016 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation |

---

[1] (b)(7)(F) is now being asserted for the same information withheld by Exemptions (b)(6) & (b)(7)(C) for all documents provided in response to Section 1(c), Administrative Torts.

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1306: Second page of September 27, 2016 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation<br><br>(b)(5), (b)(6) & (b)(7)(C):<br>1302: March 3, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation<br>1305: September 27, 2016 Memorandum of investigation from Chief of Psychology Services to Attorney Advisor<br><br>Claim 2016-05547 (Bates Pages 1308-1338):<br>Non-medical records:<br>(b)(5):<br>1308: Administrative Claim Details<br>1315:  Page two of a September 13, 2016  email between staff and the attorney-advisor in response to the investigation of the administrative claim<br>1324-1325: Pages two and three of the August 17, 2016 Memorandum of investigation from the Correctional Systems Officer to the Attorney Advisor<br><br>(b)(5), (b)(6) & (b)(7)(C):<br>1312:  August 1, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation<br>1314: Page one of a September 13, 2016  email between staff and the attorney-advisor in response to the investigation of the administrative claim<br>1316: Authorization form to mail inmate package provided as attachment to investigation |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1317-1322: Property forms provided as attachment to investigation<br>1323: Page one of August 17, 2016 Memorandum of investigation from the Correctional Systems Officer to the Attorney Advisor<br>1326-1327: August 16-17, 2016 emails between staff addressing claims in investigation provided as attachment to investigation<br>1328-1330: UPS Tracking Forms provided as attachment to investigation<br>1331: August 16, 2016 Memorandum from staff to investigator addressing claims in investigation provided as attachment to investigation<br>1332-1337: Property forms provided as attachment to investigation<br><br>Claim 2017-00878 (Bates Pages 1339-1553):<br>Non-medical records:<br>(b)(5):<br>1339: Administrative Claim Details<br>1344: December 23, 2016 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation<br>1346: Page two of December 9, 2016 Memorandum of investigation from Correctional Systems Specialist to Executive Assistant<br>1347-1348: October 17, 2016 letters provided as attachment to investigation<br>1349-1350: Draft administrative remedy responses provided as attachment to investigation<br><br>(b)(5); (b)(6); (b)(7)(C): |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1342: November 18, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation |
| | | | | | 1345: Page one of December 9, 2016 Memorandum of investigation from Correctional Systems Specialist to Executive Assistant |
| | | | | | (b)(5); (b)(7)(E); (b)(7)(F): |
| | | | | | 1351-1352: Publication pages provided as attachment to investigation |
| | | | | | Claim 2017-01631 (Bates Pages 1354-1605): |
| | | | | | Non-medical records: |
| | | | | | (b)(5): |
| | | | | | 1354: Administrative Claim Details |
| | | | | | 1375: March 9, 2017 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation |
| | | | | | 1378: Page two of January 31, 2017 memorandum of investigation from Bureau staff to the Executive Assistant |
| | | | | | (b)(5); (b)(6); (b)(7)(C): |
| | | | | | 1373: December 28, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation |
| | | | | | 1377: Page one of a January 31, 2017 Memorandum of investigation from Bureau staff to the Executive Assistant |
| | | | | | 1604: May 16, 2017 email from Attorney Advisor to Paralegal regarding potential legal approach to take in making administrative claim determination |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1605: May 15, 2017 email from paralegal to another paralegal addressing a legal approach recommended by attorney when evaluating claim<br><br>The below medical records were used as supporting evidence for investigations:<br><br>Medical Records (b)(5) only:<br>1376, 1379, 1381, 1383-1412, 1414-1415, 1417-1419, 1421-1432, 1434-1440, 1442-1452, 1454-1457, 1459-1467, 1469-1475, 1477-1478, 1480, 1482-1485, 1487-1493, 1495, 1497, 1499-4505, 1507-1515, 1517-1519, 1521-1523, 1525-1526, 1528-1529, 1531-1542, 1545-1549, 1550-1558, 1561-1565, 1567-1568, 1570-1574, 1578-1582, 1584-1588, 1590-1592, 1594-1596, 1598-1602<br><br>Medical Records (b)(5), (b)(6) & (b)(7)(C):<br>1420: (b)(6) & (b)(7)(C) used to exempt name of third-party inmate identified as fighting with inmate White<br><br>Medical Records (b)(5) & (b)(7)(F)—used to exempt HIV Status:<br>1380, 1382, 1413, 1416, 1433, 1441, 1453, 1458, 1468, 1476, 1479, 1481, 1486, 1494, 1496, 1498, 1506, 1516, 1520, 1524, 1527, 1530, 1543-1544, 1559-1560, 1566, 1569, 1575-1576, 1583, 1593, 1597<br><br>Claim 2017-06769 (Bates Pages 1606-1628):<br>Non-medical records:<br>(b)(5):<br>1606: Administrative Claim Details |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | (b)(5); (b)(6); (b)(7)(C): <br> 1610: September 6, 2017 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation <br> 1612: September 26, 2017 Memorandum of investigation from Intelligence Research Specialist to Executive Assistant <br> 1613-1614: September 26, 2017 emails among BOP staff addressing claims in investigation provided as attachment to investigation <br><br> Medical records (b)(5) only: <br> 1615-1618 & 1620-1627 <br><br> Medical Records (b)(5), (b)(7)(F) )—used to exempt HIV Status: <br> 1619 |
| 1(d) | 54 pages | 3 pages withheld in full <br><br> 44 pages withheld in part | Disciplinary Records <br><br> Bates Pages 694-747 | (b)(6); (b)(7)(C); (b)(7)(E); (b)(7)(F) | Bates pages 694-697, 701, 704, 707, 708-709, 712, 714-716, 718, 720, 725-728, 729, 731-732, 734-737 and 739 were withheld in part to withhold only names, signatures, initials and/or BOP identification numbers of staff pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F). <br><br> In addition to the below noted exemptions, staff names, initials, signatures and/or BOP identification numbers were exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F) on Bates pages 698-700, 702-703, 705-706, 710-711, 713, 717, 721, 723, and 740-744.  These same exemptions were also applied to Bates pages 722-724 to exempt third party names and/or direct contact information and on Bates pages 717, 721, 723, 724, and 740-744 to exempt third-party inmate names and registration numbers, as well as release information for a third-party inmate on Bates pages 721 and 723.  On Bates page 742, inmate |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | statements related to inmate White's discipline was also withheld pursuant to these exemptions. Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault. <br><br> **Other exemptions applied to Bates pages withheld in part:** Bates pages 698, 705, 706, 711 and 713 consist of Administrative Detention Orders.  In addition to the above-noted exemptions, information regarding the basis of an inmate's placement in administrative detention related to a threat to the inmate's safety and the method by which this information was ascertained is exempted pursuant to Exemptions (b)(7)(E) and (b)(7)(F).  Disclosure of this information would reveal law enforcement techniques used to verify a threat which, if revealed, would allow inmates to manipulate the technique to obtain their desired outcome which could result in threats or assaults to inmates seeking protection.  Disclosure would also subject inmates seeking protective custody to threats or assault from the inmates or group of inmates from whom protection is sought. <br><br> Monitoring and tracking information was withheld on Bates pages 705, 706 and 711 pursuant to Exemptions (b)(7)(E) and (b)(7)(F).  Disclosure would reveal the types of information that have been deemed relevant for tracking and monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Bates pages 699, 700, 702, 703 and 710 consists of Special Housing Unit Records.  In addition to the above-noted exemptions, information regarding inmate White's separation information was exempted pursuant to Exemptions (b)(7)(E) and (b)(7)(F) on Bates pages 699 and 710, while Exemptions (b)(6), (b)7)(C) and (b)(7)(F) was applied to exempt the name and register number of an inmate from who inmate White is to be kept separate on Bates pages 699, 700, 702, 703 and 710.  Revealing separation data would reveal the criteria and techniques used by BOP staff to make separation determinations, which in turn undermine the BOP's ability to manage inmate-separatees.  Disclosure of information about inmate-separatees would not only violate those inmates' privacy, but could result in a threat to inmate safety and to those BOP staff committed to inmate confinement and protection. Bates page 721 consists of inmate White's Central Inmate Monitoring Request for Activity Clearance.  In addition to the above-noted exemptions, tracking and monitoring information was exempted pursuant to Exemptions (b)(7)(E) and (b)(7)(F). Disclosure would enable inmates to evade the monitoring techniques which, in turn, could reasonably be expected to endanger the life or physical safety of staff, inmates and the general public. In addition to the above-noted exemptions, information regarding a potential protected status was exempted pursuant to Exemption (b)(7)(F) on Bates pages 741 and 744.  While this status many not have been applied to inmate White, reference |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | to this status in his DHO report may subject inmate White to threats or assault.<br><br>**Other exemptions applied to Bates pages withheld in Full:**<br>Bates page 722 is a Request for production of a Federal Prisoner. This page was withheld in full pursuant to Exemption (b)(7)(F) because it may contain information regarding whether an inmate has agreed to testify as a witness or is appearing for prosecution. If the inmate refuses to provide the document when pressured by other inmates, he is likely to be threatened or assaulted; if he provides the document, the information it contains could also lead to his being threatened or assaulted.<br><br>Bates pages 723 and 724 were withheld in full and consist of emails sharing sensitive investigatory information among BOP staff and other staff employed by DOJ agency employees. Exemptions (b)(6), (b)(7)(C) and (b)(7)(F) were applied to withhold federal employee identification information, as well as direct email addresses and phone numbers. These exemptions were also applied to withhold third-party inmate names, register numbers and location information. Exemption (b)(7)(E) and (b)(7)(F) were also applied to withhold information used by BOP staff to make classification, custody and monitoring determinations. Disclosure of this information would not only invade the privacy of these individuals, but it would also subject them to threats or assault. Further, disclosure of the investigatory information would reveal the types of information monitored and shared, enabling inmates to avoid detection thereby endangering other inmates, staff and the public. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 1(e) | 123 pages | 38 pages withheld in part | SENTRY Records<br><br>Bates Pages 748-867 | (b)(6);<br>(b)(7)(C);<br>(b)(7)(E);<br>(b)(7)(F) | Bates pages 760-762, 764-773, 808 and 815 were withheld in part and only the names, signatures, initials or BOP identification numbers of staff were exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F).  In addition to the exemptions noted below, this personal identification information was also exempted pursuant to these exemptions on Bates pages 778, 779-793 and 806-807.  Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>Exemptions (b)(6), (b)7)(C) and (b)(7)(F) were also applied to exempt the name, register number and classification information of an inmate from who inmate White is to be kept separate on Bates pages 775-776.  Revealing separation data would reveal the criteria and techniques used by BOP staff to make separation determinations, which in turn undermine the BOP's ability to manage inmate-separatees.  Disclosure of information about inmate-separatees would not only violate those inmates' privacy, but could result in a threat to inmate safety and to those BOP staff committed to inmate confinement and protection.<br><br>For Bates pages 778, 799-800, 807 & 814, classification and monitoring techniques were withheld pursuant to Exemptions (b)(7)(E) & (b)(7)(F).  Disclosure of these classification and monitoring techniques would reveal the types of information that have been deemed relevant for tracking and monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | For Bates pages 806-808, direct phone numbers for staff were also withheld pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F). Staff names, initials, signatures and/or BOP identification numbers were also exempted pursuant to these exemptions on Bates pages 779-793. Disclosure of this information constitutes an unwarranted invasion into these individuals' privacy and would to subject them to threats or assault.<br><br>Inmate White's self-report regarding his history of sexually aggressive behavior, and his sexual identification, orientation, disabilities and/or vulnerabilities was also withheld on Bates pages 779-793 pursuant to Exemptions (b)(7)(E) & (b)(7)(F). Inmate White's responses to questions regarding his appropriateness for general population, assistance provided to law enforcement, CIM Status, whether he has testified against anyone, is a member of a gang or has ever been sexually assaulted, as well as the interviewer's notes, if any, were also withheld pursuant to these exemptions.  Disclosure of this information would reveal law-enforcement techniques regarding the way the responses are tracked.  Moreover, this information is withheld for all inmates, regardless of the inmate's responses, as this information may subject inmates to threats or assault.<br><br>On Bates pages 779, 782, 788, 792 and 793, Exemption (b)(7)(F) was used to withhold the interviewer's report of the inmate's comments.  This information is withheld for all inmates, regardless of the inmate's comments, as this information may subject inmates to threats or assault. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 1(f) & 1(g) | 116 pages | 110 pages withheld in full<br><br>6 pages withheld in part | Intelligence & Communication Records<br><br>Bates Pages 868-983 | (b)(6);<br>(b)(7)(C);<br>(b)(7)(E);<br>(b)(7)(F) | **Withheld in part:**<br>Bates pages 869-874 consist of Forms 583, Reports of Incident. For each of these pages, information concerning third-party inmate names, register numbers, statements, medical status, role in the incident and tracking information was exempted pursuant to Exemptions (b)(6) and (b)(7)(C) to protect these inmates' privacy interests in their personal information. This information was also exempted pursuant to Exemption (b)(7)(F) because this personal information was included in an incident report pertaining to an inmate-on-inmate fight, which could subject the inmates identified in these records to threats or assault either for their involvement or providing statements.<br><br>Bates pages 870-871 and 874 were withheld in part, exempting staff names and BOP identification numbers pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F). Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>Exemptions (b)(7)(E) & (b)(7)(F) were also used to exempt law enforcement techniques and procedures used to track and monitor inmates and make custody and classification determinations. Disclosure of this information would reveal the types of information that have been deemed relevant by the BOP or other law enforcement entities for tracking and monitoring, allowing these individuals to evade detection thereby endangering other inmates, staff and the public. The information, if revealed, may also subject the inmates identified in the documents to threats or assault. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | **Withheld in full:**<br>(b)(6), (b)(7)(C), (b)(7)(E) &(b)(7)(F):<br>These exemptions were used to exempt Bates pages 868, 878-900, 902-905, 907-910, 912-913, 915, 917-929, 959, 969-977 & 981-983, as described below, in their entirety.<br><br>Exemptions b)(7)(E) & (b)(7)(F) were used to withhold the following pages in full because disclosure would reveal the types of information that have been deemed relevant for tracking and monitoring allowing inmates to evade the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity.<br><br>Bates page 868 consists of a page of undated investigatory notes, while  Bates pages 878-900 consists of an internal BOP report that contains sensitive monitoring and tracking information used by the BOP to detect criminal activity and to make custody and classification determinations.<br><br>Bates pages 902-905, 907-910, 912-913, 915, 917, 969-977 & 981 consist of sensitive investigative information shared among law enforcement entities.<br><br>Bates pages 918-920 consist of an internal BOP report of sensitive investigative information used by law enforcement as a tracking and monitoring tool to make classification and custody determinations, as well as to detect criminal activity.<br><br>Bates pages 921-928 consist of sensitive investigative information shared among law enforcement entities. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Bates pages 929 & 959 consist of November 8, 2016 & November 26, 2012 Memoranda between BOP staff.  The memoranda contains investigative information that describes monitoring and tracking techniques and the information gathered from those techniques.<br><br>Bates pages 982-983 consist of May 29, 2012 & December 18, 2008  emails between BOP staff regarding sensitive investigatory information relied upon to make custody and classification determinations and to detect crime.<br><br>Exemptions (b)(6), (b)(7)(C) &(b)(7)(F) were  used on Bates pages 868, 878-900, 902-904, 907-909, 912, 917, 922-927, 929, 959, 969, 970-976 and 981 to withhold the names, register numbers, housing assignment, addresses and other identifying information of third party inmates.  For Bates pages 902-905, 907-910, 913, 918-921, 929, 959, 977 and 982-983, these exemptions were used to withhold staff names, signatures initials or BOP identification numbers, as well as direct phone numbers and email addresses. These same exemptions were also used for Bates pages 878, 879, 885, 887-889, 891, 892, 894, 895, 897 and 921 to withhold the names, addresses, phone numbers and emails of third parties who are neither inmates nor BOP staff. Disclosure of this personal information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>(b)(7)(E) & (b)(7)(F) only:<br>These exemptions were used to exempt Bates pages 875-877, 930-958, 963-965, 901, 906, 911, 914-916, 968, 978-980, 960-962 & 966-967, as described below, in their entirety. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Bates pages 875-877, 930-958, and 963-965 consist of pages from publications relied upon by law-enforcement staff to make custody and classification determinations regarding inmate White.<br><br>Bates pages 901, 906, 911, 914, 916, 968, 978-980 consist of pages of sensitive investigative information shared amongst law-enforcement entities.<br><br>Bates page 960 consists of a law enforcement technique used to track and monitor inmates, while Bates page 961 consists of a July 9, 2012 memorandum from a Special Investigative Technician to the Warden addressing the specific law-enforcement technique used in Bates page 960, its purpose and basis for application.<br><br>Bates page 962 consists of a June 8, 2015 Memorandum from the Special Investigative Technician to file addressing law-enforcement validation technique used to monitor and track inmates.  Bates pages 966-967 consist of a July 13, 2012 letter from an Assistant United States Attorney to BOP staff addressing sensitive investigative information regarding inmate White.<br><br>Disclosure of the above pages would reveal the type of information that has been deemed relevant for tracking and monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity. |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)
Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 2 | 0 pages | None | MCC Chicago 2008 SHU Maintenance Records | No Records | No records could be located due to RIDS schedule and update to Total Maintenance System computer program in 2014. |
| 3 | 320 Original Release: 293 June 6, 2018 Supplemental Release: 27 | Original Release: 291 pages withheld in part 2 pages released in full June 6, 2018 Supplemental Release: 27 pages withheld in part | MCC 2008 SHU Log Books | (b)(6); (b)(7)(C); (b)(7)(E); (b)(7)(F) | For Bates pages 985-1237 & 1139-1276, and the additional 27 pages released on June 6, 2018, the names, signatures and/or initials of staff were exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F). Exemptions (b)(6), (b)(7)(C) & (b)(7)(F) were also used on Bates pages 996, 1007-1008, 1105, 1134-1135, 1137-1237, and the additional 27 pages, to withhold the names, register numbers, and medical status of third-party inmates. Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.

For Bates pages 985-1133, Exemptions (b)(7)(E) & (b)(7)(F) were used to exempt information reporting the status of the unit because disclosure would reveal the procedure used by law enforcement to record incidents in the unit, the types of events that are recorded, and would provide information regarding the frequency of disruptions. If disclosed, this information could be used by inmates to plan assaults, escape, or other criminal activity which is likely to endanger the institution, other inmates and staff committed to ensuring the safety of inmates and the orderly running of the institution.

For Bates pages 1134-1237, and the June 6, 2018 27 pages, Exemptions (b)(7)(E) & (b)(7)(F) were used to exempt the times reportable events occurred, information regarding the type and status of law-enforcement equipment turned over to oncoming staff, and equipment testing information. If disclosed, this |

William A. White v. Department of Justice, et al., 3:16-cv-948-JPG-DGW (S.D. Ill.)

Fenstermaker Declaration, *Vaughn* Index, Bureau of Prisons, FOIA Request No. 2016-07558

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | information could be used by inmates to plan assaults, escape, or other criminal activity which is likely to endanger the institution, other inmates and staff committed to ensuring the safety of inmates and the orderly running of the institution.<br><br>For Bates pages 1239-1276, Exemptions (b)(7)(E) & (b)(7)(F) were used to exempt the reason provided for staff entering the Special Housing Unit.  If disclosed, this information could be used by inmates to verify when and why staff are meeting certain inmates, to discover when lock checks or evaluations of the unit are conducted, and other information.  This information may be used by inmates to plan assaults, escape, or other criminal activity which is likely to endanger the institution, other inmates and staff committed to ensuring the safety of inmates and the orderly running of the institution. |

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit I

| REQUEST FOR RECORDS DISPOSITION AUTHORITY *(See Instructions on reverse)* | LEAVE BLANK | |
|---|---|---|
| | JOB NO NC1-129-83-7 | |

| TO GENERAL SERVICES ADMINISTRATION, NATIONAL ARCHIVES AND RECORDS SERVICE, WASHINGTON, DC 20408 | DATE RECEIVED 4-1-83 |
|---|---|
| 1 FROM (AGENCY OR ESTABLISHMENT) DEPARTMENT OF JUSTICE | NOTIFICATION TO AGENCY |
| 2 MAJOR SUBDIVISION BUREAU OF PRISONS | In accordance with the provisions of 44 U S C 3303a the disposal re quest, including amendments, is approved except for items that may be stamped "disposal not approved" or "withdrawn" in column 10 |
| 3 MINOR SUBDIVISION OFFICE OF GENERAL COUNSEL | |
| 4 NAME OF PERSON WITH WHOM TO CONFER       5 TEL EXT | *5-5-83*   Date           Archivist of the United States |

6 CERTIFICATE OF AGENCY REPRESENTATIVE

I hereby certify that I am authorized to act for this agency in matters pertaining to the disposal of the agency's records; that the records proposed for disposal in this Request of __one__ page(s) are not now needed for the business of this agency or will not be needed after the retention periods specified.

☐ **A** Request for immediate disposal.

☒ **B** Request for disposal after a specified period of time or request for permanent retention.

| C DATE | D SIGN   OF AGENCY REPRESENTATIVE | E TITLE |
|---|---|---|
| 12-23-82 | | Chief, Documents Control |

| 7 ITEM NO | 8 DESCRIPTION OF ITEM (With Inclusive Dates or Retention Periods) | 9 SAMPLE OR JOB NO | 10. ACTION TAKEN |
|---|---|---|---|
| 1. | ADMINISTRATIVE REMEDY CASE FILES AND INDICES OF DISPOSITON These records have been created since mid-1973. These records will continue to be created in the future. These records are created because of the Administrative Remedy Procedure through which an inmate may seek formal (non-judicial) review of a complaint which relates to any aspect of their imprisonment when less formal procedures have not resolved matters. Each final disposition of an inmate case is indexed for review and public inspection. Minimum retention periods were established by Consent Order, Civil Action No. 78-0216 US Dist Court for the Dist. of Columbia. Copies of Consent Order, FPS internal policy and forms used are attached. | | |
| 1a. | ADMINISTRATIVE REMEDY CASE FILE - place case file in an inactive file when "final disposition" occurs. Cut inactive file at end of each calendar year. Destroy 3 years after end of calendar year.* | | |
| 1b. | ADMINISTRATIVE REMEDY INDICES OF DISPOSTION - Cut off entries to the index at the end of calendar year - place in inactive file. Field Offices (Regional and Institution) and Central Office indexes to be maintained at the site of creation for 20 years, then destroy (i.e., destroy 20 years after end of calendar year in which cut off and placed in inactive file).* | | |
| * | Clarification of disposition instructions authorized by Thomas E. Williams, BOP, per telecom of Apr. 5/83. | | *2 items* |

Sent out by [redacted] m 5/24/83 -Agency + NNF

MASS DATA CHANGE BILLING NOT REQUIRED

STANDARD FORM 115 Revised April, 1975 Prescribed by General Services Administration FPMR (41 CFR) 101-11 4

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit J

| REQUEST FOR RECORDS DISPOSITION AUTHORITY | LEAVE BLANK (NARA use only) |
|---|---|

**REQUEST FOR RECORDS DISPOSITION AUTHORITY**
*(See Instructions on reverse)*

TO NATIONAL ARCHIVES and RECORDS ADMINISTRATION (NIR)
WASHINGTON, DC 20408

LEAVE BLANK (NARA use only)
JOB NUMBER
N1-129-94-1
DATE RECEIVED
7-14-94

1 FROM (Agency or establishment)
Federal Bureau of Prisons

2 MAJOR SUBDIVISION
Information, Policy, and Public Affairs Division

3 MINOR SUBDIVISION
Office of Archives

NOTIFICATION TO AGENCY

In accordance with the provisions of 44 U S C 3303a the disposition request, including amendments, is approved except for items that may be marked "disposition not approved" or "withdrawn" in column 10

4 NAME OF PERSON WITH WHOM TO CONFER
Chief, Office of Archives

5 TELEPHONE

DATE 12-4-96    ARCHIVIST OF THE UNITED STATES

I hereby certify that I am authorized to act for this agency in matters pertaining to the disposition of its records and that the records proposed for disposal on the attached _____ page(s) are not now needed for the business of this agency or will not be needed after the retention periods specified; and that written concurrence from the General Accounting Office, under the provisions of Title 8 of the GAO Manual for Guidance of Federal Agencies,

[XX] is n ____ attached; or [ ] has been requested.

DATE 7/7/94    REPRESENTATIVE    TITLE Chief, Office of Archives

| 7 ITEM NO | 8 DESCRIPTION OF ITEM AND PROPOSED DISPOSITION | 9 GRS OR SUPERSEDED JOB CITATION | 10 ACTION TAKEN (NARA USE ONLY) |
|---|---|---|---|
| | RG 129, Records of the Federal Bureau of Prisons<br><br>CORRECTIONAL SERVICES RECORDS MAINTAINED BY INDIVIDUAL INSTITUTIONS<br><br>Logs, rosters, inventories, and forms maintained at individual Federal Bureau of Prisons facilities by Captain's offices and Unit Manager's offices. | | |
| 1. | Daily and Quarterly Staff Rosters.<br>NON-PERMANENT. Cut off annually. Destroy when 10 years old. | | |
| 2. | Inmate Urine Lab Reports--Negative. noting ↓<br>NON-PERMANENT. Destroy after noting result in Urine Lab Report Log. | | |
| 3. | Inmate Urine Lab Report Log.<br>NON-PERMANENT. Destroy 1 year after final entry. | | |
| 4. | Notification to Visitor (Form BP s224.022)<br>[copy of form is attached]<br>NON-PERMANENT. Destroy when 1 year old. | | |

115-109    NSN 7540-00-634-4064    PREVIOUS EDITION NOT USABLE

Copy to: agency

DEC - 6 1996 mtr

STANDARD FORM 115 (REV. 3-91)
Prescribed by NARA
36 CFR 1228

| | REQUEST FOR RECORDS DISPOSITION AUTHORITY — CONTINUATION | JOB NUMBER | PAGE 2 OF 4 |
|---|---|---|---|
| 7 ITEM NO | 8 DESCRIPTION OF ITEM AND PROPOSED DISPOSITION | 9 GRS OR SUPERSEDED JOB CITATION | 10 ACTION TAKEN (NARA USE ONLY) |
| 5. | Administrative Detention Order (Form BP s308-052) [copy of form is attached] NON-RECORD (record copy is maintained in inmate central file). Destroy when 90 days old. | | |
| 6. | Incident Reports--Research Copy (Form BP s288.052) [copy of form is attached] NON-RECORD (record copy is maintained in inmate central file). Destroy when 1 year old. | | |
| 7. | Discipline Hearing Officer Report--Research Copy (Form BP s304.052) [copy of form is attached] NON-RECORD (record copy maintained in inmate central file). Destroy when 1 year old. | | |
| 8. | Bus Trip Log NON-PERMANENT. Destroy 2 years after final entry. | | |
| 9. | Inmate Personal Property Record (Form BP 383) [copy of form is attached] NON-RECORD (record copy is maintained in inmate central file). Destroy when 3 years old. | | |
| 10. | Tort Claim Response. NON-RECORD (record copy maintained by General Counsel's Office, and is scheduled under N1-129-88-1). Cut off annually, destroy after 10 years. | | |
| 11. | Record of Missing or Lost Credentials or Badges. NON-PERMANENT. Destroy when no longer needed. | | |
| 12. | Marshal's Receipt--Lieutenant's copy (Form BP s378.058) [copy of form is attached] NON-PERMANENT. Destroy after 30 days. | | |
| 13. | Inmate Detail Census Checks. NON-PERMANENT. Destroy when 1 year old. | | |
| 14. | Monthly Lockdown Accountability NON-PERMANENT. Destroy when 1 year old. | | |

Two copies, including original, to be submitted to the National Archives and Records Administration

STANDARD FORM 115-A (REV. 3-91) Prescribed by NARA 36 CFR 1228

| REQUEST FOR RECORDS DISPOSITION AUTHORITY — CONTINUATION | | JOB NUMBER | PAGE |
|---|---|---|---|

| 7 ITEM NO | 8 DESCRIPTION OF ITEM AND PROPOSED DISPOSITION | 9 GRS OR SUPERSEDED JOB CITATION | 10 ACTION TAKEN (NARA USE ONLY) |
|---|---|---|---|
| 15. | Outside Contractor's Inventories.<br>NON-PERMANENT.  Destroy 30 days after project completion. | | |
| 16. | Rear Gate Detail Log.<br>NON-PERMANENT.  Destroy 1 year after final entry. | | |
| 17. | Rear Gate Vehicle Log.<br>NON-PERMANENT.  Destroy 1 year after final entry. | | |
| 18. | Restricted Key Issue Form.<br>NON-PERMANENT.  Destroy when 30 days old. | | |
| 19. | Official Visitors Forms.<br>NON-PERMANENT.  Destroy when 1 year old. | | |
| 20. | Alcohol Testing Log.<br>NON-PERMANENT.  Destroy 6 months after final entry. | | |
| 21. | Kitchen Knife Report.<br>NON-PERMANENT.  Destroy when 30 days old. | | |
| 22. | Lost or Missing Tool Report (Form BP 220)<br>[copy of form is attached]<br>NON-PERMANENT.  Destroy when 2 years old. | | |
| 23. | Fire, Safety, and Sanitation Inspection Reports.<br>(File BP s506.016)<br>[copy of file is attached]<br>NON-PERMANENT.  ~~Cut off annually. Destroy after 10 years.~~<br>Destroy when 90 days old. | | |
| 24. | Front Entrance Visitors' Logs.<br>NON-PERMANENT.  Cut off annually.  Destroy after 10 years. | | |
| 25. | Daily Key and Equipment Inventories.<br>NON-PERMANENT.  Destroy when 30 days old. | | |
| 26. | Escort Instructions.<br>NON-PERMANENT.  Destroy when 1 year old. | | |
| 27. | Shakedown Logs.<br>NON-PERMANENT.  Destroy 5 years after final entry. | | |

115-205    Two copies, including original, to be submitted    STANDARD FORM 115-A (REV  3-91)
to the National Archives and Records Administration.    Prescribed by NARA
36 CFR 1228

| | | JOB NUMBER | PAGE |
|---|---|---|---|
| **REQUEST FOR RECORDS DISPOSITION AUTHORITY** — CONTINUATION | | | 4 OF 4 |

| 7 ITEM NO. | 8 DESCRIPTION OF ITEM AND PROPOSED DISPOSITION | 9 GRS OR SUPERSEDED JOB CITATION | 10 ACTION TAKEN (NARA USE ONLY) |
|---|---|---|---|
| 28. | Program Reviews/Audit Responses. NON-RECORD. (Record copies maintained in Central Office, and are scheduled under GRS-22). Destroy when 3 years old. | | |
| 29. | Emergency Plan Signature Sheet. NON-PERMANENT. Destroy when 2 years old. | | |
| 30. | Special Housing Unit Sign-In Log. NON-PERMANENT. Destroy 10 years after final entry. | | |
| 31. | Bus Trip Reports. NON-PERMANENT. Destroy when 2 years old. | | |
| 32. | Monthly Weapons and Chemical Agents Inspections. NON-PERMANENT. Destroy when 3 years old. | | |
| 33. | Quarterly Emergency Equipment Testing, Inventory, and Inspection. NON-PERMANENT. Destroy when 3 years old. | | |
| 34. | Preventive Maintenance Log. NON-PERMANENT. Destroy 5 years after final entry. | | |
| 35. | Monthly Fence Checks. NON-PERMANENT. Destroy when 2 years old. | | |
| 36. | Emergency Equipment Location Inventories. NON-PERMANENT. Destroy when 3 years old. | | |
| 37. | Equipment Sign-Out Form. NON-PERMANENT. Destroy when 3 years old. | | |

115-205         Two copies, including original, to be submitted
to the National Archives and Records Administration.

**STANDARD FORM 115-A** (REV 3-91)
Prescribed by NARA
36 CFR 1228

<u>William A. White v. Department of Justice, et al.</u>, No. 3:16-cv-948-JPG-DGW

Fenstermaker Declaration
Exhibit K

| REQUEST FOR RECORDS DISPOSITION AUTHORITY *(See Instructions on reverse)* | LEAVE BLANK (NARA use only) |
|---|---|
| | JOB NUMBER  *711-129-05-1* |
| TO: NATIONAL ARCHIVES and RECORDS ADMINISTRATION (NIR) WASHINGTON, DC 20408 | DATE RECEIVED  *11-1-2004* |
| 1. FROM (Agency or establishment)  FEDERAL BUREAU OF PRISONS | NOTIFICATION TO AGENCY |
| 2. MAJOR SUBDIVISION  FEDERAL CORRECTIONAL FACILITIES/Central Office | In accordance with the provisions of 44 U.S.C. 3303a the disposition request, including amendments, is approved except for items that may be marked "disposition not approved" or "withdrawn" in column 10. |
| 3. MINOR SUBDIVISION  (SEE ATTACHED) | |

| 4. NAME OF PERSON WITH WHOM TO CONFER | 5. TELEPHONE | DATE  *2-15-05* | ARCHIVIST OF THE UNITED STATES |
|---|---|---|---|

**6. AGENCY CERTIFICATION**

I hereby certify that I am authorized to act for this agency in matters pertaining to the disposition of its records and that the records proposed for disposal on the attached _____ page(s) are not now needed for the business of this agency or will not be needed after the retention periods specified; and that written concurrence from the General Accounting Office, under the provisions of Title 8 of the GAO Manual for Guidance of Federal Agencies,

[✓] is not required;    [ ] is attached; or    [ ] has been requested.

| DATE  *10-22-04* | SIGNATURE OF AGENCY REPRESENTATIVE | TITLE  CHIEF, INFORMATION MANAGEMENT OFFICE |
|---|---|---|

| 7. ITEM NO. | 8. DESCRIPTION OF ITEM AND PROPOSED DISPOSITION | 9. GRS OR SUPERSEDED JOB CITATION | 10. ACTION TAKEN (NARA USE ONLY) |
|---|---|---|---|
| | (SEE ATTACHED) | | |

*cc agency NR nwmw, nwcs*

115-109
NSN 7540-00-634-4064
PREVIOUS EDITION NOT USABLE

STANDARD FORM 115 (REV. 3-91)
Prescribed by NARA
36 CFR 1228

CO Adm Div FACILITIES BRANCH-TMS System

**Federal Bureau of Prisons: Record Group 129**

CENTRAL OFFICE - ADMINISTRATION DIVISION
FACILITIES BRANCH

The Total Maintenance System (TMS) is an Access-based commercial program used to track all equipment, work orders, vehicle maintenance, security system maintenance, and B&F expenditures in Federal correctional institutions. The system is widely used in hospital administration; BOP's version has been only slightly modified, at the level of field names. TMS is presently being converted from a LAN to a Web operation. The contractor is responsible for upgrades and support; the BOP system manager has written the manuals used for training and operation.

BOP has used this system, in gradually upgraded versions, since 1985; the oldest records date to 1995 or 96. The institutions enter data and produce monthly reports, in Access; these are sent to the Regional offices, then to CO, where they are compiled into agency-wide electronic files and hard copy documents. The institutions back up TMS daily and archive yearly. Three years of data are kept online (program review cycle); older files are on CD or tape. Monthly reports include the number of work orders, the number completed, updates on all building and repair projects, vehicle reports and energy use reports. Annual reports cover topics such as equipment upgrades for laundry & food service, electronic systems, and vehicles.

1.    **Total Maintenance System (LAN-based).**
      a. Input. Work requests and orders, invoices, progress and usage reports and other documentation entered into TMS.
      *Disposition: Temporary.* Destroy one year after verification.

      b. Output. Recurring and one-time reports. Examples include major and minor work reports, perimeter detection system, energy conservation and ADA compliance.
      *Disposition: Temporary.* Destroy when seven years old or when no longer needed for legal or administrative purposes, whichever is sooner.

      c. Data.
      *Disposition: Temporary.* Delete one year after transfer into successor system and verification.

      d. System documentation. Supporting material such as code books, record layouts, data dictionaries and source codes.
      *Disposition: Temporary.* Destroy when superseded.

2.    **Total Maintenance System (Web-based).**
a. Input.  Work requests and orders, invoices, progress and usage reports and other documentation entered into TMS.
*Disposition: Temporary.*  Destroy one year after verification.

b. Output.  Recurring and one-time reports.  Examples include major and minor work reports, perimeter detection system, energy conservation and ADA compliance.
*Disposition: Temporary.*  Destroy when seven years old or when no longer needed for legal or administrative purposes, whichever is sooner.

c. Data.
*Disposition: Temporary.*  Delete annually when oldest records are seven years old.

d. System Documentation.  Supporting material such as code books, record layouts, data dictionaries and source codes.
*Disposition: Temporary.*  Destroy when superseded.

3.    **Electronic version of records created by the electronic mail and word processing applications for items 1 and 2 above.**
Electronic copies of records that are created on electronic mail and word processing systems and used solely to generate record-keeping copies of the material covered by the item listed above.  Also included are electronic copies of records created on electronic mail and word processing systems that are maintained for updating, revision, or dissemination.

**Disposition:** *Temporary.  Destroy/delete within 180 days after the record-keeping copy has been produced.*