| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 1(a) | 435 | 51 pages withheld in part | Medical Records<br><br>Bates Pages 1-435 | (b)(7)F | Bates Pages 1, 6, 21, 30, 44, 50, 53, 65, 70, 74, 78, 95, 110, 135, 140, 152, 153, 158, 162, 168, 173, 194, 203, 217, 222, 225, 230, 233, 238, 243, 258, 280, 289, 302, 304, 306, 309, 311, 316, 321, 327, 337, 346, 361, 377, 398, 400, 409, 420, 424 and 431 were withheld in part pursuant to Exemption (b)(7)(F).<br><br>Exemption (b)(7)(F) was applied to withhold information regarding Inmate White's AIDS/HIV status.  Certain medical conditions, including testing positive for HIV, result in inmates being targeted in the correctional environment.  For instance, inmates may wrongly associate HIV status with certain sexual preferences and drug use or refuse to share a cell or engage in other activities with inmates who are HIV positive.  These misconceptions may result in inmates being the subject of threats or assault.  This information is withheld for all inmates, regardless of whether the information is negative or positive for HIV. |
| 1(b) | 32 | 6 pages withheld in part | Psychology Records<br><br>Bates Pages 436-467 | (b)(7)(F) | Bates Pages 436, 437, 438, 441, 443, 446 were withheld in part pursuant to Exemption (b)(7)(F).<br><br>Exemption (b)(7)(f) was used to withhold the title of a specific staff member, which indicates the staff member oversees a program that addresses a group of inmates that has been historically targeted for threats and/or assault.  This information has been redacted on Bates pages 441, 443, and 446. While the staff member may have additional duties, the information has been withheld as it may subject inmate White to threats or assault by other inmates.<br><br>Exemption (b)(7)(f) was also used to withhold information regarding Inmate White's history of sexual offenses or predation |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | on Bates pages 436, 437, and 438.  This information is withheld for all inmates because, otherwise, inmates would be subject to threats or assault if they do not produce the records showing their history, or if the records show the inmate has a history of sexual assault or predation. |
| 1(c) – Part I | Original Release: 73

Supplemental Release: 12 | Original Release:

23 pages withheld in part; 2 pages withheld in full

Supplemental Release:

6 pages withheld in part | Administrative Remedies

Original Release: Bates pages 621-693

Supplemental Release: Bates pages 1629-1640 | (b)(6)
(b)(7)(C)
(b)(7)(E)
(b)(7)(F) | **Withheld in part:** Bates pages 623, 636, 638, 645, 649, 651, 653, 656, 657, 660, 664, 677, 678, 681, 688, 1637, 1639 and 1640 were withheld in part, with only the names, signatures, BOP identifiers and/or initials of BOP staff being exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F).  This information was also withheld pursuant to these exemptions on Bates pages 624, 637, 1631, 1635 and 1636, along with the below noted exemptions. Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.

Classification assignments and Information used by the BOP for tracking and monitoring inmates was exempted from Bates pages 624, 625, 637, 663, 668, 671, 673, 690, 1629, 1630, 1631, 1635, and 1636 pursuant to Exemptions (b)(7)(E) and (b)(7)(F). Disclosure of this information would reveal law enforcement techniques used for monitoring and tracking inmates which, if revealed, would allow inmates to avoid detection thereby endangering inmates, staff and the public.  Disclosure may also subject inmate White to threats or assault based on his specific classification assignments.

**Withheld in full:** Bates page 675 was withheld pursuant to Exemptions (b)7)(E) & (b)(7)(F), while Bates page 692 was withheld pursuant to |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Exemption (b)(7)(F).  Both records consist of pages from a publication and are inappropriate for entry into the institution based on their content.   Page 675 provides information that law enforcement personnel have deemed relevant for classification and monitoring purposes.  Revealing this information would reveal the types of information that have been deemed relevant for monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity.  Both pages contain information that would indicate inmate White is affiliated with groups that may subject him to harassment, threats or assault by other inmates.  Further, since these publication pages would be considered contraband in a correctional environment, permitting inmate White to obtain such materials through FOIA would jeopardize the safety and security of the institution. |
| 1(c) – Part II | Original Release: 153

Supplemental Release: 352 | Supplemental Release:

2 pages withheld in part

300 pages withheld in full | Administrative Tort Claims

Original February 2018 Release: Bates Pages 468-620

March 2018 Supplemental Release:  Bates Pages 1277-1628 | (b)(5); (b)(6); (b)(7)(C); (b)(7)(E); (b)(7)(F) | Since the Original February 2018 Release (Bates pages 468-620) are also included in the Supplemental Release (Bates pages 1277-1628), this *Vaughn* Index will address only the Supplemental Release Bates pages to avoid duplication.

**Withheld in part:**
Bates page 1278 withheld the name of staff pursuant to Exemptions (b)(6), (b)(7)(C) & (b)(7)(F).  The staff member's name was included as the person who put inmate White "under investigation."  Disclosure of this information constitutes an unwarranted invasion into this individual's privacy and is likely to subject him to threats or assault by inmate White or his followers. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | A staff member's name and direct phone number was also exempted from Bates page 1290 pursuant to Exemptions (b)(6), (b)(7)(C) & (b)(7)(F).   Disclosure of this personal information is an invasion into this individual's privacy and may subject this individual to threats or assault.<br><br>**Withheld in full:**<br>All documents listed below in this section were withheld pursuant to Exemption (b)(5) as attorney-work product which would be privileged in context of civil discovery.  These documents were requested by BOP counsel in anticipation of litigation as filing an administrative claim with the relevant federal agency and having that claim denied in writing is a jurisdictional prerequisite to suit under the Federal Tort Claims Act.  Bates pages 1281-1282, 1323-1325, 1344-1346, 1375, 1377-1378, 1604-1605, and 1612-1614 were also withheld under the deliberative process privilege under Exemption (b)(5) because the communication is pre-decisional and deliberative in nature as it makes recommendations or expresses opinions on legal matters—specifically, recommendations regarding the determination of inmate White's administrative claims.<br><br>Exemption (b)(7)(F) was inadvertently omitted as an additional exemption to withhold personal privacy information within this category of documents.  Accordingly, for all information within this section withheld under Exemptions (b)(6) and (b)(7)C), the BOP is also asserting Exemption (b)(7)(F).<br>Non-medical records<br>Exemptions (b)(6) and (b)(7)(C) were applied—in addition to Exemption (b)(5)—to withhold the names of staff or third-parties for certain non-medical records as noted below, as well |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | as to withhold direct contact information on Bates pages 1288, 1314, 1327 and 1604.  Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy.  While Exemption (b)(7)(F) was inadvertently omitted in the production of documents to withhold the personal information of these third parties, disclosure of this information is also likely to subject these individuals to threats or assault.<br><br>Exemption (b)(7)(F) was applied, in addition to Exemption (b)(5), for Bates pages 1351-1352.  These pages contain information that would indicate inmate White is affiliated with groups that may subject him to harassment, threats or assault by other inmates.  Further, since these publication pages would be considered contraband in a correctional environment, permitting inmate White to obtain such materials through FOIA would jeopardize the safety and security of the institution.<br><br>Medical records<br>In addition to Exemption (b)(5), Exemption (b)(7)(F) was applied as indicated below to withhold information regarding inmate White's HIV status in certain medical records for the same reasons indicated in Group 1(a) *supra*.   In addition to Exemption (b)(5), Exemptions (b)(6) and (b)(7)(c) were applied to medical record, Bates page 1420, to redact the name of a third-party inmate.  The BOP is also applying Exemption (b)(7)(F) at this time because disclosure of this inmate who is identified as fighting inmate White would subject the inmate to threats, harassment or assault by inmate White or his supporters<br><br>**Claim 2009-04854 (Bates Pages 1279-1291):**<br>Non-medical records: |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | (b)(5):<br>1277: Administrative Claim Details<br>1283-1287: Commissary receipts provided as attachment to investigation<br><br>(b)(5), (b)(6) & (b)(7)(C):[1]<br>1279: July 15, 2009 Memorandum to Attorney Advisor from Regional Counsel seeking an investigation into claim and identifying criteria of investigation<br> 1281: January 11, 2010 Memorandum from Warden to Attorney-Advisor addressing Warden's recommendation based on details of investigation<br> 1282: August 12, 2009 Memorandum from Captain to Attorney Advisor outlining investigation into the claim<br> 1288:  Memorandum from Attorney-Advisor to Captain requesting an investigation and describing the requested content of the investigation<br><br>**Claim 2016-02696 (Bates Pages 1292-1307):**<br>Non-medical records:<br>(b)(5):<br>1292: Administrative Claim Details<br>1304: September 29, 2016 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation |

[1] (b)(7)(F) is now being asserted for the same information withheld by Exemptions (b)(6) & (b)(7)(C) for all documents provided in response to Section 1(c), Administrative Torts.

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1306: Second page of September 27, 2016 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation<br><br>(b)(5), (b)(6) & (b)(7)(C):<br>1302: March 3, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation<br>1305: September 27, 2016 Memorandum of investigation from Chief of Psychology Services to Attorney Advisor<br><br>**Claim 2016-05547 (Bates Pages 1308-1338):**<br>Non-medical records:<br>(b)(5):<br>1308: Administrative Claim Details<br>1315:  Page two of a September 13, 2016  email between staff and the attorney-advisor in response to the investigation of the administrative claim<br>1324-1325: Pages two and three of the August 17, 2016 Memorandum of investigation from the Correctional Systems Officer to the Attorney Advisor<br><br>(b)(5), (b)(6) & (b)(7)(C):<br>1312:  August 1, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation<br>1314: Page one of a September 13, 2016  email between staff and the attorney-advisor in response to the investigation of the administrative claim<br>1316: Authorization form to mail inmate package provided as attachment to investigation |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1317-1322: Property forms provided as attachment to investigation<br>1323: Page one of August 17, 2016 Memorandum of investigation from the Correctional Systems Officer to the Attorney Advisor<br>1326-1327: August 16-17, 2016 emails between staff addressing claims in investigation provided as attachment to investigation<br>1328-1330: UPS Tracking Forms provided as attachment to investigation<br>1331: August 16, 2016 Memorandum from staff to investigator addressing claims in investigation provided as attachment to investigation<br>1332-1337:  Property forms provided as attachment to investigation<br><br>**Claim 2017-00878 (Bates Pages 1339-1553):**<br>Non-medical records:<br>(b)(5):<br>1339: Administrative Claim Details<br> 1344: December 23, 2016 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation<br>1346: Page two of December 9, 2016 Memorandum of investigation from Correctional Systems Specialist to Executive Assistant<br>1347-1348: October 17, 2016 letters provided as attachment to investigation<br>1349-1350: Draft administrative remedy responses provided as attachment to investigation<br><br>(b)(5); (b)(6); (b)(7)(C): |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1342: November 18, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation<br>1345: Page one of December 9, 2016 Memorandum of investigation from Correctional Systems Specialist to Executive Assistant<br><br>(b)(5); (b)(7)(E); (b)(7)(F):<br>1351-1352: Publication pages provided as attachment to investigation<br><br>**Claim 2017-01631 (Bates Pages 1354-1605):**<br>Non-medical records:<br>(b)(5):<br>1354: Administrative Claim Details<br> 1375: March 9, 2017 Memorandum from Warden to Regional Counsel addressing Warden's recommendation based on details of investigation<br> 1378: Page two of January 31, 2017 memorandum of investigation from Bureau staff to the Executive Assistant<br><br>(b)(5); (b)(6); (b)(7)(C):<br>1373: December 28, 2016 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation<br>1377: Page one of a January 31, 2017 Memorandum of investigation from Bureau staff to the Executive Assistant<br> 1604: May 16, 2017 email from Attorney Advisor to Paralegal regarding potential legal approach to take in making administrative claim determination |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | 1605: May 15, 2017 email from paralegal to another paralegal addressing a legal approach recommended by attorney when evaluating claim<br><br>The below medical records were used as supporting evidence for investigations:<br><br>Medical Records (b)(5) only:<br>1376, 1379, 1381, 1383-1412, 1414-1415, 1417-1419, 1421-1432, 1434-1440, 1442-1452, 1454-1457, 1459-1467, 1469-1475, 1477-1478, 1480, 1482-1485, 1487-1493, 1495, 1497, 1499-4505, 1507-1515, 1517-1519, 1521-1523, 1525-1526, 1528-1529, 1531-1542, 1545-1549, 1550-1558, 1561-1565, 1567-1568, 1570-1574, 1578-1582, 1584-1588, 1590-1592, 1594-1596, 1598-1602<br><br>Medical Records (b)(5), (b)(6) & (b)(7)(C):<br>1420: (b)(6) & (b)(7)(C) used to exempt name of third-party inmate identified as fighting with inmate White<br><br>Medical Records (b)(5) & (b)(7)(F)—used to exempt HIV Status:<br>1380, 1382, 1413, 1416, 1433, 1441, 1453, 1458, 1468, 1476, 1479, 1481, 1486, 1494, 1496, 1498, 1506, 1516, 1520, 1524, 1527, 1530, 1543-1544, 1559-1560, 1566, 1569, 1575-1576, 1583, 1593, 1597<br><br>**Claim 2017-06769 (Bates Pages 1606-1628):**<br>Non-medical records:<br>(b)(5):<br>1606: Administrative Claim Details |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | (b)(5); (b)(6); (b)(7)(C): 1610: September 6, 2017 Memorandum from Regional Counsel to Attorney Advisor requesting investigation and describing scope of the investigation 1612: September 26, 2017 Memorandum of investigation from Intelligence Research Specialist to Executive Assistant 1613-1614: September 26, 2017 emails among BOP staff addressing claims in investigation provided as attachment to investigation

Medical records (b)(5) only: 1615-1618 & 1620-1627

Medical Records (b)(5), (b)(7)(F) —used to exempt HIV Status: 1619 |
| 1(d) | 54 pages | 3 pages withheld in full

44 pages withheld in part | Disciplinary Records

Bates Pages 694-747 | (b)(6); (b)(7)(C); (b)(7)(E); (b)(7)(F) | Bates pages 694-697, 701, 704, 707, 708-709, 712, 714-716, 718, 720, 725-728, 729, 731-732, 734-737 and 739 were withheld in part to withhold only names, signatures, initials and/or BOP identification numbers of staff pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F).

In addition to the below noted exemptions, staff names, initials, signatures and/or BOP identification numbers were exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F) on Bates pages 698-700, 702-703, 705-706, 710-711, 713, 717, 721, 723, and 740-744. These same exemptions were also applied to Bates pages 722-724 to exempt third party names and/or direct contact information and on Bates pages 717, 721, 723, 724, and 740-744 to exempt third-party inmate names and registration numbers, as well as release information for a third-party inmate on Bates pages 721 and 723. On Bates page 742, inmate |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | statements related to inmate White's discipline was also withheld pursuant to these exemptions. Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault. **Other exemptions applied to Bates pages withheld in part:** Bates pages 698, 705, 706, 711 and 713 consist of Administrative Detention Orders.   In addition to the above-noted exemptions, information regarding the basis of an inmate's placement in administrative detention related to a threat to the inmate's safety and the method by which this information was ascertained is exempted pursuant to Exemptions (b)(7)(E) and (b)(7)(F).  Disclosure of this information would reveal law enforcement techniques used to verify a threat which, if revealed, would allow inmates to manipulate the technique to obtain their desired outcome which could result in threats or assaults to inmates seeking protection.  Disclosure would also subject inmates seeking protective custody to threats or assault from the inmates or group of inmates from whom protection is sought. Monitoring and tracking information was withheld on Bates pages 705, 706 and 711 pursuant to Exemptions (b)(7)(E) and (b)(7)(F).  Disclosure would reveal the types of information that have been deemed relevant for tracking and monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Bates pages 699, 700, 702, 703 and 710 consists of Special Housing Unit Records.  In addition to the above-noted exemptions, information regarding inmate White's separation information was exempted pursuant to Exemptions (b)(7)(E) and (b)(7)(F) on Bates pages 699 and 710, while Exemptions (b)(6), (b)(7)(C) and (b)(7)(F) was applied to exempt the name and register number of an inmate from who inmate White is to be kept separate on Bates pages 699, 700, 702, 703 and 710. Revealing separation data would reveal the criteria and techniques used by BOP staff to make separation determinations, which in turn undermine the BOP's ability to manage inmate-separatees.  Disclosure of information about inmate-separatees would not only violate those inmates' privacy, but could result in a threat to inmate safety and to those BOP staff committed to inmate confinement and protection.<br><br>Bates page 721 consists of inmate White's Central Inmate Monitoring Request for Activity Clearance.  In addition to the above-noted exemptions, tracking and monitoring information was exempted pursuant to Exemptions (b)(7)(E) and (b)(7)(F). Disclosure would enable inmates to evade the monitoring techniques which, in turn, could reasonably be expected to endanger the life or physical safety of staff, inmates and the general public.<br><br>In addition to the above-noted exemptions, information regarding a potential protected status was exempted pursuant to Exemption (b)(7)(F) on Bates pages 741 and 744.  While this status many not have been applied to inmate White, reference |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | to this status in his DHO report may subject inmate White to threats or assault.<br><br>**Other exemptions applied to Bates pages withheld in Full:**<br>Bates page 722 is a Request for production of a Federal Prisoner. This page was withheld in full pursuant to Exemption (b)(7)(F) because it may contain information regarding whether an inmate has agreed to testify as a witness or is appearing for prosecution.  If the inmate refuses to provide the document when pressured by other inmates, he is likely to be threatened or assaulted; if he provides the document, the information it contains could also lead to his being threatened or assaulted.<br><br>Bates pages 723 and 724 were withheld in full and consist of emails sharing sensitive investigatory information among BOP staff and other staff employed by DOJ agency employees.  Exemptions (b)(6), (b)(7)(C) and (b)(7)(F) were applied to withhold federal employee identification information, as well as direct email addresses and phone numbers.  These exemptions were also applied to withhold third-party inmate names, register numbers and location information.   Exemption (b)(7)(E) and (b)(7)(F) were also applied to withhold information used by BOP staff to make classification, custody and monitoring determinations.  Disclosure of this information would not only invade the privacy of these individuals, but it would also subject them to threats or assault.  Further, disclosure of the investigatory information would reveal the types of information monitored and shared, enabling inmates to avoid detection thereby endangering other inmates, staff and the public. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 1(e) | 123 pages | 38 pages withheld in part | SENTRY Records<br><br>Bates Pages 748-867 | (b)(6);<br>(b)(7)(C);<br>(b)(7)(E);<br>(b)(7)(F) | Bates pages 760-762, 764-773, 808 and 815 were withheld in part and only the names, signatures, initials or BOP identification numbers of staff were exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F).  In addition to the exemptions noted below, this personal identification information was also exempted pursuant to these exemptions on Bates pages 778, 779-793 and 806-807.  Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>Exemptions (b)(6), (b)7)(C) and (b)(7)(F) were also applied to exempt the name, register number and classification information of an inmate from who inmate White is to be kept separate on Bates pages 775-776.  Revealing separation data would reveal the criteria and techniques used by BOP staff to make separation determinations, which in turn undermine the BOP's ability to manage inmate-separatees.  Disclosure of information about inmate-separatees would not only violate those inmates' privacy, but could result in a threat to inmate safety and to those BOP staff committed to inmate confinement and protection.<br><br>For Bates pages 778, 799-800, 807 & 814, classification and monitoring techniques were withheld pursuant to Exemptions (b)(7)(E) & (b)(7)(F).  Disclosure of these classification and monitoring techniques would reveal the types of information that have been deemed relevant for tracking and monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | For Bates pages 806-808, direct phone numbers for staff were also withheld pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F). Staff names, initials, signatures and/or BOP identification numbers were also exempted pursuant to these exemptions on Bates pages 779-793. Disclosure of this information constitutes an unwarranted invasion into these individuals' privacy and would to subject them to threats or assault.<br><br>Inmate White's self-report regarding his history of sexually aggressive behavior, and his sexual identification, orientation, disabilities and/or vulnerabilities was also withheld on Bates pages 779-793 pursuant to Exemptions (b)(7)(E) & (b)(7)(F). Inmate White's responses to questions regarding his appropriateness for general population, assistance provided to law enforcement, CIM Status, whether he has testified against anyone, is a member of a gang or has ever been sexually assaulted, as well as the interviewer's notes, if any, were also withheld pursuant to these exemptions.  Disclosure of this information would reveal law-enforcement techniques regarding the way the responses are tracked.  Moreover, this information is withheld for all inmates, regardless of the inmate's responses, as this information may subject inmates to threats or assault.<br><br>On Bates pages 779, 782, 788, 792 and 793, Exemption (b)(7)(F) was used to withhold the interviewer's report of the inmate's comments.  This information is withheld for all inmates, regardless of the inmate's comments, as this information may subject inmates to threats or assault. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 1(f) & 1(g) | 116 pages | 110 pages withheld in full<br><br>6 pages withheld in part | Intelligence & Communication Records<br><br>Bates Pages 868-983 | (b)(6);<br>(b)(7)(C);<br>(b)(7)(E);<br>(b)(7)(F) | **Withheld in part:**<br>Bates pages 869-874 consist of Forms 583, Reports of Incident. For each of these pages, information concerning third-party inmate names, register numbers, statements, medical status, role in the incident and tracking information was exempted pursuant to Exemptions (b)(6) and (b)(7)(C) to protect these inmates' privacy interests in their personal information. This information was also exempted pursuant to Exemption (b)(7)(F) because this personal information was included in an incident report pertaining to an inmate-on-inmate fight, which could subject the inmates identified in these records to threats or assault either for their involvement or providing statements.<br><br>Bates pages 870-871 and 874 were withheld in part, exempting staff names and BOP identification numbers pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F). Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>Exemptions (b)(7)(E) & (b)(7)(F) were also used to exempt law enforcement techniques and procedures used to track and monitor inmates and make custody and classification determinations. Disclosure of this information would reveal the types of information that have been deemed relevant by the BOP or other law enforcement entities for tracking and monitoring, allowing these individuals to evade detection thereby endangering other inmates, staff and the public. The information, if revealed, may also subject the inmates identified in the documents to threats or assault. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | **Withheld in full:**<br>(b)(6), (b)(7)(C), (b)(7)(E) &(b)(7)(F):<br>These exemptions were used to exempt Bates pages 868, 878-900, 902-905, 907-910, 912-913, 915, 917-929, 959, 969-977 & 981-983, as described below, in their entirety.<br><br>Exemptions b)(7)(E) & (b)(7)(F) were used to withhold the following pages in full because disclosure would reveal the types of information that have been deemed relevant for tracking and monitoring allowing inmates to evade the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity.<br><br>Bates page 868 consists of a page of undated investigatory notes, while  Bates pages 878-900 consists of an internal BOP report that contains sensitive monitoring and tracking information used by the BOP to detect criminal activity and to make custody and classification determinations.<br><br>Bates pages 902-905, 907-910, 912-913, 915, 917, 969-977 & 981 consist of sensitive investigative information shared among law enforcement entities.<br><br>Bates pages 918-920 consist of an internal BOP report of sensitive investigative information used by law enforcement as a tracking and monitoring tool to make classification and custody determinations, as well as to detect criminal activity.<br><br>Bates pages 921-928 consist of sensitive investigative information shared among law enforcement entities. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Bates pages 929 & 959 consist of November 8, 2016 & November 26, 2012 Memoranda between BOP staff.  The memoranda contains investigative information that describes monitoring and tracking techniques and the information gathered from those techniques.<br><br>Bates pages 982-983 consist of May 29, 2012 & December 18, 2008  emails between BOP staff regarding sensitive investigatory information relied upon to make custody and classification determinations and to detect crime.<br><br>Exemptions (b)(6), (b)(7)(C) &(b)(7)(F) were  used on Bates pages 868, 878-900, 902-904, 907-909, 912, 917, 922-927, 929, 959, 969, 970-976 and 981 to withhold the names, register numbers, housing assignment, addresses and other identifying information of third party inmates.  For Bates pages 902-905, 907-910, 913, 918-921, 929, 959, 977 and 982-983, these exemptions were used to withhold staff names, signatures initials or BOP identification numbers, as well as direct phone numbers and email addresses. These same exemptions were also used for Bates pages 878, 879, 885, 887-889, 891, 892, 894, 895, 897 and 921 to withhold the names, addresses, phone numbers and emails of third parties who are neither inmates nor BOP staff. Disclosure of this personal information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>(b)(7)(E) & (b)(7)(F) only:<br>These exemptions were used to exempt Bates pages 875-877, 930-958, 963-965, 901, 906, 911, 914-916, 968, 978-980, 960-962 & 966-967, as described below, in their entirety. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | Bates pages 875-877, 930-958, and 963-965 consist of pages from publications relied upon by law-enforcement staff to make custody and classification determinations regarding inmate White.<br><br>Bates pages 901, 906, 911, 914, 916, 968, 978-980 consist of pages of sensitive investigative information shared amongst law-enforcement entities.<br><br>Bates page 960 consists of a law enforcement technique used to track and monitor inmates, while Bates page 961 consists of a July 9, 2012 memorandum from a Special Investigative Technician to the Warden addressing the specific law-enforcement technique used in Bates page 960, its purpose and basis for application.<br><br>Bates page 962 consists of a June 8, 2015 Memorandum from the Special Investigative Technician to file addressing law-enforcement validation technique used to monitor and track inmates.  Bates pages 966-967 consist of a July 13, 2012 letter from an Assistant United States Attorney to BOP staff addressing sensitive investigative information regarding inmate White.<br><br>Disclosure of the above pages would reveal the type of information that has been deemed relevant for tracking and monitoring and would assist criminals in evading the monitoring techniques employed by the BOP, leading to threats to the safety and security of the institution and/or undetected criminal activity. |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| 2 | 0 pages | None | MCC Chicago 2008 SHU Maintenance Records | No Records | No records could be located due to RIDS schedule and update to Total Maintenance System computer program in 2014. |
| 3 | 320 Original Release: 293<br><br>June 6, 2018 Supplemental Release: 27 | Original Release:<br><br>291 pages withheld in part<br><br>2 pages released in full<br><br><br>June 6, 2018 Supplemental Release:<br><br>27 pages withheld in part | MCC 2008 SHU Log Books | (b)(6); (b)(7)(C); (b)(7)(E); (b)(7)(F) | For Bates pages 985-1237 & 1139-1276, and the additional 27 pages released on June 6, 2018, the names, signatures and/or initials of staff were exempted pursuant to Exemptions (b)(6), (b)(7)(C) and (b)(7)(F).  Exemptions (b)(6), (b)(7)(C) & (b)(7)(F) were also used on Bates pages 996, 1007-1008, 1105, 1134-1135, 1137-1237, and the additional 27 pages, to withhold the names, register numbers, and medical status of third-party inmates.  Disclosure of this information would constitute an unwarranted invasion into these individuals' privacy and is likely to subject them to threats or assault.<br><br>For Bates pages 985-1133, Exemptions (b)(7)(E) & (b)(7)(F) were used to exempt information reporting the status of the unit because disclosure would reveal the procedure used by law enforcement to record incidents in the unit, the types of events that are recorded, and would provide information regarding the frequency of disruptions.  If disclosed, this information could be used by inmates to plan assaults, escape, or other criminal activity which is likely to endanger the institution, other inmates and staff committed to ensuring the safety of inmates and the orderly running of the institution.<br><br>For Bates pages 1134-1237, and the June 6, 2018 27 pages, Exemptions (b)(7)(E) & (b)(7)(F) were used to exempt the times reportable events occurred, information regarding the type and status of law-enforcement equipment turned over to oncoming staff, and equipment testing information.  If disclosed, this |

| FOIA REQUEST PART | TOTAL PAGES | REDACTED PAGES | DOCUMENT DESCRIPTION | EXEMPTION STATUS | JUSTIFICATION |
|---|---|---|---|---|---|
| | | | | | information could be used by inmates to plan assaults, escape, or other criminal activity which is likely to endanger the institution, other inmates and staff committed to ensuring the safety of inmates and the orderly running of the institution. <br><br> For Bates pages 1239-1276, Exemptions (b)(7)(E) & (b)(7)(F) were used to exempt the reason provided for staff entering the Special Housing Unit.  If disclosed, this information could be used by inmates to verify when and why staff are meeting certain inmates, to discover when lock checks or evaluations of the unit are conducted, and other information.  This information may be used by inmates to plan assaults, escape, or other criminal activity which is likely to endanger the institution, other inmates and staff committed to ensuring the safety of inmates and the orderly running of the institution. |