UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, FEDERAL BUREAU OF PRISONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,

    Defendants.

Case No. 16-cv-948-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a variety of motions filed by plaintiff William A. White. The Court addresses each in turn.

### I.     Motion to Vacate Court's Orders at Doc. 92 & 94 (Doc. 97)

White asks the Court to vacate its orders allowing the defendants to exceed the page limit for their response to White's summary judgment motion (Doc. 92) and allowing the defendants a brief extension of time to file its response and its cross-motion for summary judgment (Doc. 94). White complains that he had not been served with copies of the defendants' motions. The defendants explained their inadvertent failure to serve White at the time they filed their motions (Doc. 100) and eventually served the motions on White. The Court allowed White an opportunity to respond to the motions for extensions of page and time limits, which he has done (Doc. 114).

Nothing White says in his response convinces the Court that it should have exercised its discretion to deny the defendants' reasonable requests for extensions of page and time limits. Nor has White shown he was prejudiced by the defendants' initial failure to serve him; even if White had been timely served and filed his objections before the Court's ruling, the ruling would have been the same.

Accordingly, the Court **DENIES** White's motion to vacate the orders at Docs. 92 and 94 (Doc. 97).

II.     **Motion to Strike Defendants' Cross-Motion for Summary Judgment (Doc. 102)**

White asks the Court to strike the defendants' cross-motion for summary judgment (Doc. 98) pursuant to Federal Rule of Civil Procedure 12(f) as frivolous, malicious, impertinent and intended to harass. He asserts that the defendants' counsel has made personal attacks on White in the motion and that the summary judgment motion has no merit.

As a preliminary matter, Rule 12(f) authorizes striking matters from *pleading*—that is, a complaint, answer or court-ordered reply—not from other filings. As for the Court's inherent authority to strike impermissible filings other than pleadings, *see Keaton v. Hannum*, No. 1:12-CV-00641-SEB, 2013 WL 1800577, at *1 (S.D. Ind. Apr. 29, 2013) (collecting cases), the Court has reviewed the defendants' cross-motion for summary judgment and finds nothing in it that justifies striking it. It describes White's litigation history, suggests his litigation under the Freedom of Information Act ("FOIA") is frivolous or malicious, and seeks to justify the defendants' responses to his FOIA requests. None of that warrants striking. If the defendants' arguments have no merit, the Court will figure that out when it addresses the substance of the pending summary judgment motions.

For these reasons, the Court **DENIES** White's motion to strike the defendants' cross-motion for summary judgment (Doc. 102).

III.    **Motion to Strike Defendants' Summary Judgment Response (Doc. 103)**

White asks the Court to strike the defendants' response and its exhibits (Doc. 95) in opposition to his third motion for summary judgment because they were filed late and exceeded the page limit set forth in Local Rule 7.1(c). The defendants have responded (Doc. 111), noting that they filed their summary judgment response within the extensions discussed above in Section I. White believes the defendants'

failure to initially serve him with the motion for an extension of the page and time limit justifies striking their response and its exhibits.

The defendants' procedural failure, while regrettable, did not prejudice White because he was given, albeit belatedly, an opportunity to respond to the motions, and his objections were insufficient to have caused the Court to render a different decision on the motions, as discussed above. The defendants' response and its exhibits were filed within the extensions allowed by the Court and will therefore not be stricken. The Court **DENIES** White's motion to strike these documents (Doc. 103).

**IV.     Motion to Set Briefing Schedule (Doc. 107)**

White asks the Court to set a briefing schedule for a subsequent round of summary judgment briefing. He anticipates that issues will remain to be decided after the Court rules on the pending summary judgment motions.

It would be premature to set a further summary judgment briefing schedule before the Court decides the pending summary judgment motion. Therefore, the Court **DENIES without prejudice** White's motion to set a briefing schedule (Doc. 107).

**V.     Motion for Discovery (Doc. 109)**

White asks the Court to grant him leave to take discovery of the defendants regarding how they store, search and retrieve records in response to FOIA requests. The defendants have responded to the motion (Doc. 110) suggesting discovery is not needed.

In FOIA cases, it is prudent to entertain summary judgment motions before conducting discovery. *See Henson v. Department of Health & Human Servs.*, 892 F.3d 868, 874 (7th Cir. 2018). Before allowing discovery, the Court should consider whether a defendant's affidavits in support of summary judgment show the agency has conducted a thorough search and give a reasonably detailed

3

explanation of why exemptions apply. *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Because such affidavits are presumed to be in good faith, discovery is not necessary unless the plaintiff makes a showing of bad faith or points to tangible evidence that a claimed exemption should not apply, or if summary judgment is inappropriate for some other reason. *Id.* Simply showing that a responsive document exists that the agency did not produce or that the agency did not give a detailed explanation of its entire records storage is not enough to justify discovery. *See Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982) ("The issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate.").

Here, White has already responded to the defendants' cross-motion for summary judgment and replied to their response to his third motion for summary judgment, so he clearly does not need discovery to formulate a response as contemplated by Federal Rule of Civil Procedure 56(d)(2). Should the Court find the defendants' affidavits insufficient to justify the agency's response to White's FOIA requests, the Court will consider allowing discovery at that time. In the meantime, discovery is premature. Accordingly, the Court exercises its discretion to **DENY without prejudice** White's motion for discovery (Doc. 109).

## VI. Motion to Vacate Court's Order at Doc. (Doc. 116)

White asks the Court to vacate its July 17, 2018, order (Doc. 115) striking a group of exhibits (Doc. 106) filed with the Court without any obvious connection to any pending matter. In his motion, White explains that the exhibits were intended to be attachments to his reply (Doc. 113) to the defendants' response to his third summary judgment motion, but that they became separated from the filing they supported because he mailed them in separate envelopes. Because the Court misunderstood the purpose of the documents, it **GRANTS in part** and **DENIES in part** White's motion to vacate (Doc.

116). Doc. 106 will remain stricken, but the Clerk of Court is **DIRECTED** to docket the pages of Doc. 106 as an attachment to White's reply brief at Doc. 113. The Clerk of Court is further **DIRECTED** to regenerate a notice of filing for the modification to Doc. 113.

**VII.  Additional Matters**

It appears White's 47-page reply brief (Doc. 113) crossed in the mail with the Court's order allowing him to file a 30-page reply brief (Doc. 105). The Court **ACCEPTS** the 47-page reply brief notwithstanding its prior extension to only 30 pages.

The Court **LIFTS** the stay of the summary judgment briefing and notes that the only brief not yet received is a reply brief from the defendants in support of their summary judgment motion. The Court **ORDERS** that they shall have up to and including August 31, 2018, to file that reply brief.

**IT IS SO ORDERED.**
**DATED:   August 2, 2018**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**