UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, FEDERAL BUREAU OF PRISONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>    Defendants. | Case No. 16-cv-948-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on two motions filed by plaintiff William A. White.

**I.    Motion for Sanctions (Doc. 118)**

White has filed a motion for Rule 11 sanctions against the defendant Department of Justice ("DOJ") and the Assistant United States Attorney representing it (Doc. 118). White seeks sanctions because the DOJ's cross-motion for summary judgment (Doc. 98) advances what he believes are two frivolous arguments and was, in his opinion, filed for an improper purpose. The DOJ has responded to White's motion (Doc. 118), and White has replied to that response (Doc. 121).[1]

---

[1] White's reply contains arguments not raised in his initial motion for sanctions. It has long been established that arguments in support of the motion that are raised for the first time in a reply brief are waived. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998). This rule holds true even if the movant is proceeding *pro se*. *Id.*; *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *United States v. Keith*, Case Nos. 96 C 8461 & 87 CR 874-2, 2000 WL 198448 at *4 (N.D. Ill. Feb. 11, 2000); *United States v. Joiner*, 847 F. Supp 604, 606-7 (N.D. Ill. 1994), *aff'd*, 78 F.3d 586 (7th Cir. 1996). This is because the opposing party does not have an opportunity to respond to the new arguments in the reply brief. *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998). For this reason, the Court has disregarded the arguments in White's

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record." Fed. R. Civ. P. 11(a). Such a signature is a certification that, to the best of the signer's knowledge, information, and belief after reasonable inquiry, the filing is not frivolous and is not presented for an improper purpose. Fed. R. Civ. P. 11(b). The Court may sanction an attorney or a party that is responsible for a filing that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1).

The Court has already examined the DOJ's cross-motion in response to White's request to strike it as frivolous, malicious, impertinent and intended to harass (Doc. 102) and has determined in an order dated August 2, 2018 (Doc. 117), that nothing in the cross-motion warranted striking it for those reasons. The Court also concludes, in response to White's motion for sanctions, that the cross-motion is not frivolous or presented for an improper purpose under Rule 11(b). As the DOJ confirms, it is not, in fact, making the first argument White argues is legally frivolous—issue preclusion. As for the second argument White thinks is frivolous—dismissal as frivolous or malicious under the Prison Litigation Reform Act—the argument may or may not have merit, but it is certainly not frivolous. Finally, White's assertions that the DOJ filed its cross-motion for an improper purpose rests solely on his unsupported speculation. As the Court noted earlier, if the arguments in the DOJ's cross-motion have no merit, the Court will figure that out when it addresses the substance of the pending summary judgment motions.

For these reasons, the Court **DENIES** White's motion for sanctions (Doc. 118).

**II.    Motion to Strike Portions of Defendant's Reply Brief (Doc. 124)**

White asks the Court to strike portions of the DOJ's reply brief (Doc. 122) in support of

---

reply brief that were not presented in his initial motion.

its cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(f) as insufficient, immaterial, impertinent, or scandalous, and pursuant to Local Rule 7.1(c) as an impermissible sur-reply brief. He further urges the Court to disregard new arguments made for the first time in the reply brief.

Rule 12(f) authorizes striking matters from a *pleading*—that is, a complaint, answer or court-ordered reply—not from other filings. However, the Court has inherent authority to strike impermissible filings other than pleadings. *See Keaton v. Hannum*, No. 1:12-CV-00641-SEB, 2013 WL 1800577, at *1 (S.D. Ind. Apr. 29, 2013) (collecting cases). The Court has reviewed the defendants' reply brief in support of its cross-motion for summary judgment and finds nothing in it that justifies striking it. Furthermore, if the brief raises new arguments for summary judgment not raised in the original motion, the Court will disregard those arguments when it considers the motion. Finally, the Court finds the filing is an appropriate reply to White's response to the DOJ's cross-motion for summary judgment, not an impermissible reply brief.

For these reasons, the Court **DENIES** White's motion to strike the defendants' reply in support of its cross-motion for summary judgment (Doc. 124).

**IT IS SO ORDERED.**
**DATED:   February 15, 2019**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**