UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE,<br><br>  Plaintiff,<br><br> v.<br><br>DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, FEDERAL BUREAU OF PRISONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>  Defendants. | Case No. 16-cv-948-JPG |

## **MEMORANDUM AND ORDER**

Plaintiff William A. White brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He alleged that the Federal Bureau of Investigations ("FBI"), the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Marshals Service ("USMS"), and the Federal Bureau of Prisons did not respond properly to some of his requests for information under the FOIA. The Court entered judgment in favor of the defendant Department of Justice (for and through its agencies named as defendants) on May 19, 2020 (Doc. 144). This matter comes before the Court now on a variety of post-judgment motions filed by White:

- a motion for costs in the amount of $565.00 (Doc. 147), to which the defendant DOJ has responded (Doc. 151) and White has replied (Doc. 155);

- a motion to alter or amend the Court's May 19, 2020, judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 148), to which the DOJ has responded (Doc. 153) and White has replied (Doc. 164);

- a motion to hold the USMS in contempt (Doc. 149), to which the DOJ has responded (Doc. 152) and White has replied (Doc. 159); and

- a motion for leave to supplement the reply in support of his motion to alter or amend the judgment (Doc. 166).

The Court starts with White's request to alter or amend the judgment. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709. The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

White asks the Court to alter or amend its judgment on the grounds that it was wrong to terminate this case before the FBI had disclosed all the records required to be disclosed under the FOIA and before the Court has considered all White's future objections to such disclosures. White has already raised this argument before the Court, and the Court has rejected it, as

explained in its order granting summary judgment (Doc. 143 at 51). White may challenge that ruling on appeal. White's disagreement with that ruling is not an appropriate basis to alter or amend the judgment.

White also asks the Court to alter or amend the judgment because he believes that the Court arrived at an incorrect decision regarding the existence of a scheme by the DOJ and its agencies to target him unlawfully. White ferociously argued his position to the Court in his summary judgment briefing, and the Court rejected the position as pure speculation (Doc. 143 at 17-18, 40, 49-50, & 64). White may challenge that ruling on appeal, but White's disagreement with it is not an appropriate basis to alter or amend the judgment.

The Court notes that White has requested leave to supplement his reply in support of his Rule 59(e) motion with additional documents allegedly in support of his speculative theory and in support of a *second* alleged improper FBI conspiracy against him. The Court finds the additional document tendered are no more probative to prove FBI misconduct that the documents White tendered in support of his speculative theory in his original briefs. The additional documents would offer no more legitimacy to his baseless conspiracy theories. Additionally, reply briefs—to which the opponent has no opportunity to respond—are not the proper place to present new arguments and new evidence. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (holding arguments raised for the first time in a reply brief are waived). For these reasons, the Court will deny White's motion for leave to supplement his reply brief (Doc. 166).

The only colorable basis for altering or amending the judgment is White's argument that the USMS misrepresented to the Court in a 2018 affidavit that it expected it would be finished processing his 2013 FOIA request within thirty days. The Court took the USMS at its word and found in 2020 that, in the absence of any evidence in the file that the release had not been

completed as expected, the USMS had remedied its initial delinquent response to White's 2013 FOIA request and had released the responsive records (Doc. 143 at 65). Accordingly, it granted summary judgment for the USMS.

It turns out that, in reality, no responsive records had been processed or released at the time the Court entered judgment. The USMS has since begun processing White's request—more thoroughly than it ever had before—and is reporting regularly to the Court on its progress (Docs. 152, 154, 156, 161, & 165). The USMS's affidavit and its subsequent failure to process his 2013 FOIA request are the bases for White's request to hold the USMS in contempt and for costs from the agency as well as for an amendment of the judgment.

The Court is dismayed by the USMS's delinquency and must seriously consider White's request for a remedy. It would be helpful for the Court to speak directly with the parties before it decides whether it should grant some kind of remedy and, if so, what. To this end, the Court will hold a videoconference hearing <u>on this ground for relief only</u>. The parties will be notified by separate order of the time and date of the hearing, which will be held in approximately 90 days. The USMS shall have a knowledgeable representative at the hearing to answer any questions the Court may have about the processing of White's 2013 request. The USMS is warned that it would be well-served to have completed the release of responsive records to White before that hearing.

In sum, the Court denies White's motion to alter or amend the judgment on any basis other than the USMS's handling of his 2013 FOIA request. With respect to those bases for altering or amending the judgment, White has not clearly established any grounds for Rule 59(e) relief—newly discovered material evidence, intervening changes in the controlling law, or manifest errors of law or fact. The Court reserves ruling on the motions to alter or amend the

judgment, for contempt, and for an award of costs to the extent they are based on the USMS's conduct.

In sum, for the foregoing reasons, the Court:

- **DENIES in part** and **RESERVES RULING in part** on White's motion to alter or amend the judgment pursuant to Rule 59(e) (Doc. 148);

- **DENIES** White's motion for leave to supplement his reply in support of his Rule 59(e) motion (Doc. 166);

- **RESERVES RULING** on White's motion for costs in the amount of $565.00 (Doc. 147) and motion to hold the USMS in contempt (Doc. 149); and

- **ORDERS** that a videoconference hearing be held on the outstanding issues in the pending motions, and that a USMS representative with knowledge about the agency's response to White's 2013 FOIA request shall be present at the hearing to answer any questions the Court may have.

**IT IS SO ORDERED.**
**DATED:   August 25, 2020**

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**