UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, FEDERAL BUREAU OF PRISONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>    Defendants. | Case No. 16-cv-948-JPG |

## **MEMORANDUM AND ORDER**

**I.   Background**

Plaintiff William A. White brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.   He alleged that the Federal Bureau of Investigations, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Marshals Service ("USMS"), and the Federal Bureau of Prisons did not respond properly to some of his requests for information under the FOIA.   The Court entered judgment in favor of the defendant Department of Justice ("DOJ") (for and through its agencies named as defendants) on May 19, 2020 (Doc. 144).

This matter comes before the Court now on the remaining parts of three post-judgment motions filed by White:

- a motion for costs in the amount of $565.00 (Doc. 147), to which the defendant DOJ has responded (Doc. 151) and White has replied (Doc. 155);

- a motion to alter or amend the Court's May 19, 2020, judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 148), to which the DOJ has responded (Doc. 153) and White has replied (Doc. 164); and

- a motion to hold the USMS in contempt (Doc. 149), to which the DOJ has responded

(Doc. 152) and White has replied (Doc. 159).

The Court has ruled on many of the issues raised in these motions in a prior order (Doc. 168) and held a hearing on the remaining portions of the motions on November 18, 2020 (Doc. 181).

The only remaining parts of White's motions relate to the USMS's handling of his 2013 FOIA request and declarations dated June 21, 2018 (Docs. 95-8 & 151-2) and August 10, 2018 (Docs. 122-1 & 151-1) from USMS Associate General Counsel Katherine A. Day regarding the time in which she expected the agency would finish processing that request—July 2018 and June 2019, respectively.    In May 2020, the Court relied on the June 2018 declaration in granting summary judgment for the USMS in support of its finding that the responsive records had already been released.

It turns out that no records had been processed or released at the time the Court entered judgment.    However, the USMS began processing White's request again—more thoroughly than it ever had before—as soon as White pointed out the Court's error, and it finished the processing and release on October 29, 2020, a little more than five months after the Court entered judgment.    The USMS's declarations and its subsequent failure to process his 2013 FOIA request before final judgment in this case are the bases for White's request to hold the USMS in contempt for perjury and for costs from the agency as well as for amendment of the judgment.    He asserts that the declarations amounted to perjury and defrauded the Court.

The USMS explains its failures in a June 17, 2020, declaration by USMS Deputy General Counsel Lisa Dickinson (Doc. 152-1).    Dickinson explains how White's 2013 request for records pertaining to himself got off track—a track that was fragile to begin with because it relied on individuals to conduct searches and track them in a shared spreadsheet rather than software specially designed to handle FOIA requests.    The USMS received White's request in

2013.   The USMS Office of General Counsel identified the databases that were likely to contain responsive records based on White's connections with the respective judicial districts and the types of information contained in each database.   The request was assigned to a FOIA specialist ("FOIA Specialist 1"), who collected more than 2,500 documents from the identified databases. Before processing them, though, FOIA Specialist 1 resigned.   Additionally, the USMS FOIA/PA Officer at that time died.   White's request fell through the cracks and was not reassigned to other USMS staff until White made the USMS aware of the oversight through this lawsuit filed against the USMS in August 2016.

Once it learned of its delinquency, Day assigned White's request to a newly hired FOIA specialist ("FOIA Specialist 2") and attested in her declaration that the USMS would begin processing the collected records and expected to be finished in July 2018, then revised her estimate to June 2019.   However, FOIA Specialist 2 left the agency in March 2019 without completing the response to White's request.   Additionally, Day retired from the agency in May 2019 with little notice and without adequately informing her successor of the status of White's outstanding request and the need to appoint a new FOIA specialist.   This and other turnover created a backlog of FOIA requests to the USMS.   White's request languished until June 2020 when White filed his post-judgment motion indicating he had yet to receive any records responsive to his 2013 request.   The USMS took immediate and extraordinary action to process White's request, including assigning two FOIA specialists—one-third of its FOIA specialist staff—to White's case.   The processing was further delayed because a number of the records related to possible threats against federal judges, so they required additional review by the Administrative Office of the U.S. Courts before they could be released to White.

At the November 18, 2020, videoconference hearing, the Court heard argument from

Assistant United States Attorney Suzanne Garrison for the DOJ/USMS and from White on his own behalf.  Dickinson and USMS FOIA/PA Officer Charlotte Luckstone were also present. White contended that the USMS has not, in fact, provided all of the documents they identified as responsive, has over-redacted its releases, has not conducted an adequate search for responsive documents, and has committed various other improprieties such as, for example, following up on allegedly false information from an informant.  He also believes the USMS has withheld records improperly because only about 1,800 pages were released, but the original estimate of the number of responsive record pages was much higher.

In response, Garrison noted that no copy of the 2013 FOIA request or the original USMS response letter have been found by either party, and, although all agree it sought documents relating to White himself, tracing the exact path of that request is difficult.  She noted that the two declarations from June and August 2018 that White alleges were fraudulent were actually honest statements of future intent that did not pan out as expected because of staff turnover, antiquated search capabilities, an unexpected volume and dispersal of documents, and the unanticipated need to consult the Administrative Office of the U.S. Courts before releasing documents.  Garrison noted that as soon as she became aware of the failure to process White's 2013 request in June 2020, she immediately worked with the USMS to expedite the task, which included assigning fully one-third of the entire USMS FOIA specialist staff to White's request. She further explained the discrepancy in the estimated number of responsive documents in Day's August 2018 declaration was likely attributable to its being only an estimate and to the removal of duplicate documents.

**II.     Analysis**

As a preliminary matter, the Court is appalled by the length of time it took the USMS to

respond to White's 2013 request. Taking seven years to respond to a FOIA request is in no way "mak[ing] records promptly available" to a requester, as the FOIA commands. 5 U.S.C. § 552(a)(3)(A). It is inexcusable that the USMS was unprepared for such foreseeable and regular complications as staff turnover, large numbers of requests, and the need for record review by other agencies before release. That it was able to marshal its resources and process White's request in four months makes the seven-year delay appear all that more egregious. The Court puts the USMS on notice that it must upgrade its FOIA processing protocols to avoid such delinquencies in the future. Indeed, future FOIA requesters should note this admonition and demand more from the agency in the future.

      A.      <u>Motion to Hold USMS in Contempt</u>

Nevertheless, the Court is unable to hold the USMS in contempt of court as White requests. A party can be held in civil contempt if the party seeking contempt proves (1) there was a decree from the Court that set forth in specific detail an unequivocal command, (2) there is clear and convincing evidence that the decree was violated, (3) the violation was significant in that it was not substantial compliance, and (4) the violator has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).

White has not pointed to any detailed, unequivocal decree from the Court that the USMS violated. Furthermore, there is no clear and convincing evidence that the June and August 2018 declarations were false or intended to perpetrate a fraud on the Court. On the contrary, they were statements of opinion about when the USMS would be able to accomplish the task at hand. When it became clear that the June 2018 estimate was unrealistic, the agency promptly revised it in the August 2018 declaration. There is no clear evidence that the unfortunate staff turnover

without adequate succession planning, although foreseeable and avoidable, was an intentional—or even reckless—ploy to delay responding to White's FOIA request or that any related declarations were an attempt to defraud the Court. Furthermore, the USMS's post-judgment effort to process White's request was clearly "diligent and energetic" and was ultimately successful in producing the final releases. Again, White has not presented any clear and convincing evidence that that response was inadequate. He should take up any such allegations in the administrative review process.

    B.  <u>Motion to Alter or Amend Judgment</u>

Nor does the Court find it appropriate to alter or amend its May 19, 2020, judgment under Rule 59(e) even though one conclusion in its order of the same day has proved inaccurate. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

It is true that the Court misunderstood the factual situation based on the USMS's declaration that it would complete its response to White's 2013 FOIA request long before it actually did. However, that delinquency has since been remedied. Based on the current circumstances, the judgment in the case remains the correct resolution of this case, even if one conclusion in the supporting order is not. Accordingly, the Court declines to alter or amend the judgment in this case.

    C.  <u>Motion for Costs</u>

The Court further declines to award White any costs in this case. The FOIA provides

6

that the Court may assess costs against the United States if the complainant under the act substantially prevails in the action. *See* 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff may substantially prevail, and thus be eligible for a cost award, either by a judicial order, enforceable written agreement, or consent decree or by a voluntary or unilateral change in the agency's position if the complainant's claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii). In order to be eligible because of a voluntary agency change, the plaintiff's lawsuit must have been a catalyst for—that is, it must have had a "substantial causative effect" on—the voluntary agency change. *First Amendment Coal. v. USDOJ*, 878 F.3d 1119, 1128 (9th Cir. 2017). The plaintiff carries the burden of proving he substantially prevailed under the foregoing standard, *Pyramid Lake Paiute Tribe v. USDOJ*, 750 F.2d 117, 119 (D.C. Cir. 1984), and he does not carry this burden simply by showing documents were released after a lawsuit was filed. *First Amendment Coal.*, 878 F.3d at 1128; *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F. Supp. 2d 1, 4 (D.D.C. 2011), *aff'd*, No. 12-5165, 2012 WL 10236551 (D.C. Cir. Nov. 1, 2012). Even if the plaintiff substantially prevails, the Court has discretion as to whether he should be awarded fees or costs. *See Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 2756 (2019).

  The Court's analysis in its May 19, 2020, order remains valid in its conclusion that White has failed to show he substantially prevailed in this litigation. To the extent he arguably was a catalyst for the USMS's response to his 2013 FOIA request, that success was such a miniscule part of this litigation that White otherwise lost that the Court will not deem him to have substantially prevailed in the litigation as a whole. Even had the Court deemed him to have prevailed as a catalyst in his claim relating to his 2013 FOIA request, the Court would still decline to award costs for the reasons stated in its original order.

### III.   Conclusion

For the foregoing reasons, the Court:

- **DENIES** the remainder of White's motion to alter or amend the judgment pursuant to Rule 59(e) (Doc. 148);

- **DENIES** White's motion for costs (Doc. 147); and

- **DENIES** White's motion to hold the USMS in contempt (Doc. 149).

**IT IS SO ORDERED.**
**DATED:   January 21, 2021**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**