UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

      Plaintiff,

  v.

DEPARTMENT OF JUSTICE, FEDERAL
BUREAU OF INVESTIGATION, UNITED
STATES MARSHALS SERVICE,
FEDERAL BUREAU OF PRISONS and
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

      Defendants.

Case No. 16-cv-948-JPG

## MEMORANDUM AND ORDER

Plaintiff William A. White brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He alleged that the Federal Bureau of Investigations ("FBI"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the United States Marshals Service ("USMS"), and the Federal Bureau of Prisons ("BOP") did not respond properly to his requests for information under the FOIA. The Court entered judgment in favor of the defendant Department of Justice ("DOJ") (for and through its agencies named as defendants) on May 19, 2020 (Doc. 144).

This matter comes before the Court now on White's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (3) to the extent the Court's judgment concerns his FOIA requests to the ATF and BOP. The Government has responded to the motion (Doc. 182), and White has replied to that response (Doc. 183).[1]

---

[1] The Court notes that, in his reply, White makes utterly inappropriate *ad hominem* attacks on the DOJ's counsel. While she has, in the past accused White of misconduct, it is clear that her allegations are based on her legal judgment, not her personal opinion of White's character. In

White's objection centers on law enforcement's continued representation that they never conducted an investigation into White's involvement in an assassination plot allegedly revealed to them by an unreliable informant. White points to records released earlier in the case and/or by other sources under FOIA to assert that the BOP tortured him as part of the investigation and that the ATF and BOP did not adequately respond to his FOIA requests and were instead covering up the investigation and committing perjury with respect to that cover-up. Again, he charges that it is impossible that the ATF and BOP did not have more responsive records.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Rather, it is a collateral attack on a judgment, and the grounds for that attack must be something other than an argument that could have been used to obtain reversal on direct appeal. *Kiswani*

---

the future, in this and any other case, the Court will summarily strike any of White's filings that contain such inappropriate *ad hominem* attacks and may not allow him to amend the filing.

*v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

Rule 60(b)(2) allows the Court to relieve a party from a final judgment where the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"—that is, no later than 28 days after entry of judgment.  *See* Fed. R. Civ. P. 59(b).  Under Rule 60(b)(2), evidence is "new" only if it was discovered after entry of final judgment.  *See Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002).  In addition, the movant must show that the evidence was material, that the movant exercised due diligence in seeking it out in a timely manner, and that the Court would probably arrive at a different result.  *Fields v. City of Chi.*, 981 F.3d 534, 554 (7th Cir. 2020).

Rule 60(b)(3) allows the Court to set aside a judgment on the basis of "fraud. . ., misrepresentation, or misconduct by an opposing party."  A movant seeking relief under this rule must prove the wrongful conduct by clear and convincing evidence and must show that the misconduct prevented it from fully and fairly presenting a meritorious claim.  *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015); *see Fields*, 981 F.3d at 558.  Because the rule is intended to protect the fairness of proceedings, not just to deter or punish intentional misconduct, it applies also to unintentional misrepresentations.  *Fields*, 981 F.3d at 558.

White has not presented compelling and extraordinary reasons that justify Rule 60(b) relief.  To begin with, much of the evidence he points to as "new" was filed with the Court before entry of judgment or with White's Rule 59(e) motion, clearly not too late for a Rule 59 motion.  Therefore, it is not "new."  In addition, the Court was unable to locate other evidence White cites in the record—likely because the Court denied him leave to file some supplemental evidence in connection with another motion—so White has failed to adequately support his

arguments based on those documents.

To the extent he asserts the missing documents were produced after entry of judgment pursuant to FOIA responses to other agencies, he has not established that such evidence was material in that its consideration by the Court had a reasonable probability of leading to a different result. On the contrary, from White's description of the evidence in his Rule 60(b) motion, it appears likely the documents, like much of the other evidence in this case, would not support any inference that the ATF or the BOP did not comply with its obligations under the FOIA, as explained in the Court's final order in this case (Doc. 143). The Court repeats that the mere existence of responsive records that were not located in an agency's search does not, by itself, show that the agency's search was unreasonable. *In re Wade*, 969 F.2d 241, 249 n. 1 (7th Cir. 1992) ("The issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate."). A FOIA claimant's speculation that additional responsive records exists is not enough to overcome an agency's showing that its search was adequate. *See Ferranti v. ATF*, 177 F Supp. 2d. 41, 48 (D.D.C. 2001), *aff'd*, No. 01-5451, 2002 WL 31189766 (D.C. Cir. Oct. 2, 2002).

Finally, White has not provided clear and convincing evidence that the DOJ perpetrated any intentional or unintentional fraud or misrepresentation on the Court with respect to its conclusions about the ATF's and BOP's responses to his FOIA requests. He has not pointed to any evidence that any action by the DOJ amounted to fraud and prevented him from fully and fairly presenting his FOIA case, and any assertion otherwise rests solely on speculation. In light of the Court's painstaking review of each of White's FOIA claims in this case, including its post-judgment exploration of misrepresentations made in connection with the USMS's FOIA response, the Court believes that White has been able to fairly present his case, that the Court has

correctly assessed the merits of his claims, that it has not been a victim of fraud by the DOJ, and that White has not established a legitimate basis for relief from judgment.   White may, of course, make his arguments to the Court of Appeals.

Mentioning the Court of Appeals raises the question of this Court's jurisdiction to decide White's Rule 60(b) motion during the ongoing appeal of the Court's original judgment—Appeal No. 21-1229.   Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal."   *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).   However, a district court continues to have jurisdiction to *deny* a Rule 60(b) motion and should do so expeditiously if the motion appears to be without merit.   *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999); *see* Fed. R. Civ. P. 62.1(a) ("(a) Relief Pending Appeal.   If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . (2) deny the motion. . . .").

For the foregoing reasons, the Court **DENIES** White's motion for relief from judgment pursuant to Rule 60(b) (Doc. 180).   The Court further **WARNS** White that, in this and any other case to which he is a party, the Court will summarily strike any of his filings that contain inappropriate *ad hominem* attacks and may not allow him to amend the stricken filing.

**IT IS SO ORDERED.**
**DATED:   February 18, 2021**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**